# EDWARD WOODWARD *v.* REPUBLIC OF HAWAII.

ERROR TO THE CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 23, 1896.                    DECIDED SEPT. 16, 1896.

JUDD, C. J., FREAR AND WHITING, JJ.

When a criminal case entitled the *"Republic of Hawaii v. A. B."* is prosecuted by private counsel, the Attorney General's authority to prosecute is presumed, and the constitutional provision that "prosecutions shall be carried on in the name and by the authority of the Republic of Hawaii," is complied with.

An exception to a ruling of the court in the progress of a trial when duly noted and allowed may be assigned as a ground of error, notes as well as bills of exceptions being made by statute on writs of error part of the record for the purposes of error. The charge of the Court being made, by Sec. 2, Chap. LVI of the Laws of 1892, a part of the record, if duly excepted to and exception allowed, may be the subject of a writ of error.

An instruction that, after evidence of acts of unchastity of a prosecutrix committed repeatedly and within a year or two prior to the alleged seduction, reformation may be presumed without proof, after a reasonable lapse of time, held to be erroneous.

*OPINION OF THE COURT BY JUDD, C. J.*

The defendant was tried for the offense of seduction at the August term, 1895, of the Circuit Court, First Circuit, in which the jury disagreed, and on a second trial in said Court at the next term thereof (November) was found guilty and sentenced on the 30th of November. Within six months, to-wit, on the 14th May, 1896, a writ of error was sued out by the defendant. The assignments of error are numerous.

1st.    That the case was not prosecuted in the name and by

the authority of the Republic of Hawaii as required by Sec. 3, Art. 92 of the Constitution, but was prosecuted by private counsel, and it does not appear on the record that it was authorized by the Attorney General.

The case is entitled in the District Court where it originated the *"Republic of Hawaii v. Edward Woodward;"* it is therefore prosecuted in the name of the Republic. Private counsel prosecuted. They are noted on the minutes as "for the prosecution" in one court and as "assisting the prosecution" in another. The authority of the Attorney General as the representative of the Republic must be presumed to have been given. The question is not raised here whether a prosecution may be instituted against the will of the Attorney General. We find no error here.

All the remaining assignments of error are to various parts of the charge of the Court and rulings made during the trial. Counsel for the prosecution moved that these assignments be quashed on the ground that none of the alleged errors can be made the subject of a writ of error unless embodied in a bill of exceptions, drawn up within the time fixed by statute or rules of Court and signed by the Judge, which was not done in this case. Undoubtedly this method is convenient and would give the Appellate Court in concise form the exact questions sought to be raised, and it is sustained by authority. See *Powell on Appellate Proceedings,* Sec. 61. But having a statute defining writs of error, Chap. XCV., Laws of 1892, it must control us. Section 4 of this Act reads: "For all purposes of this Act the record shall be deemed to include all pleadings, motions, *notes* or bills of exception, exhibits, clerks' or magistrates' notes of proceedings, and if so desired by the plaintiff in error, a transcript of the evidence in the case."

We do not at all sustain the proposition that counsel may stand by and without objection allow the Court to commit errors of law and then, if in time and the sentence or judgment be not executed, ask the Appellate Court to correct the alleged errors.

But by the statute exceptions properly noted and allowed may be considered as a part of the record upon which a writ of error may be based, though not brought into the form of a bill and certified by the Judge.

Upon the same reason the charge of the Court or any part thereof, if duly excepted to, may be made a part of the record upon which error may be assigned. Sec. 2 of Chap. LVI. of the Laws of 1892 makes the charge or instructions of the Court a part of the record. It may be argued that this statute having no relation to the Statute of Error, would not be sufficient of itself to bring a charge of the Court into the record for the purposes of error. It certainly may become so when an exception to it is noted under the Writ of Error Act. A case in 1 Sergeant & Rawle, p. 298, *Downing v. Baldwin*, holds that the Legislature having required the charge of the Court to be made in writing and to be filed with the record in the cause, supersedes the necessity of a bill of exceptions. In this case Chief Justice Tilghman says "the Act of the Assembly directs the opinion of the Judge to be filed of record; it becomes then a part of the record, and being so the Superior Court must of necessity take notice of it.   *   *   An opinion filed by positive command of law is of the body of the record and must so remain."

We have carefully reviewed the charge of the Court and the various assignments made upon it. We need only advert to one.

Evidence was introduced by the defense of repeated acts of sexual intercourse with several persons, within a year or two prior to the alleged seduction. This, if believed, would show the unchaste character of the prosecuting witness prior to the act upon which the prosecution was based. In rebuttal she denied the acts of sexual intercourse, but offered no evidence to show that she had reformed. The charge of the Court upon this matter was as follows:

"Many of the statutes making seduction criminal in other countries require in addition to the provisions contained in our

statute, that the woman seduced shall be of chaste character. This seems to have been purposely omitted from our statute, but the question of chastity of the prosecuting witness is always more or less involved in prosecutions for seduction. For instance, it is apparent to every one that a prostitute could not be seduced. The law is made to protect the chastity of those who are trying to live properly.    *    *    *

"By the expression 'chastity' of the complaining witness, I do not intend for you to understand that it is necessary for her never to have had sexual intercourse with any one prior to the alleged seduction. It would violate the spirit as well as the language of the statute to hold that a woman should not be entitled to its beneficent protection, who at some time in her life, in a moment of weakness, had given up her body through the motive of love, or under the influence of passionate excitement, or even who has given up her body for gain. Therefore the previous unchastity of the prosecutrix, if proved, would not of itself be a defense in this case.

"If a woman reforms after having had sexual intercourse, she is as much entitled to the protection of the statute as though she had never fallen from virtue. Therefore, if you should find that the complaining witness had had sexual intercourse prior to the alleged seduction, you must then consider whether or not she reformed before the time when such seduction is alleged to have occurred, or whether a time sufficient had elapsed for you to presume that she had reformed. The matter of reformation is in your hands, as well as other questions of fact in this case. Therefore, if the jury believe the testimony of the defense that in former years the prosecutrix was an unchaste person, but has since reformed, and has under promise of marriage committed fornication with the defendant, you must convict.

"One of the Supreme Courts of the United States that is held in the very highest respect, in treating of this matter, has laid down the principle that a woman who has been seduced but who has reformed may be again the subject of seduction, and where

a reasonable time elapses between the different acts, the presumption in favor of reformation may arise. By this you see that it is not necessary in all cases to prove reformation, but after a reasonable time reformation may be presumed.

"As to what is reasonable time, I leave to you to find, and the circumstances of the case must determine as to what is reasonable time for reformation. I cannot give you any rule upon this question, and must leave it to your good judgment."

We think this instruction was erroneous. It authorized the jury to find that the prosecuting witness had committed repeated acts of sexual intercourse with several persons within a year or two of the alleged seduction, and then further find, from the mere lapse of that year or two of time, regardless of other circumstances, and in the absence of any evidence of her mode of life meanwhile, that she had reformed.

We do not go so far as to hold that under no circumstances may reformation be presumed from mere lapse of time. If but one act of unchastity were shown, and that fifteen or twenty years previously, it may be that the jury would, in the absence of any evidence one way or the other as to the mode of life meanwhile, be justified in inferring reformation. But we think that the instruction was erroneous as applied to the facts of this case.

The cases cited in 21 Am. & Eng. Encyc. of Law, p. 1048, may be referred to.

In the case of *People v. Clark*, 33 Mich. 117, the Court say: "Had a reasonable time elapsed before the different acts, a presumption in favor of a reformation might arise, but we think no such presumption could arise in this case, and that the burden of proving such would be on the prosecution."

In a later case, *People v. Squires*, 49 Mich., 489, the trial Judge had deducted from *People v. Clark* that a return to virtue between acts of intercourse might be presumed if the interval was long enough, but the Supreme Court held on appeal that this was a misapprehension of their ruling in the former case,

and that it was not their view that "any lapse of time which was possible in the case, or that in any case mere abstentation from intercourse for a few months, which might be fully accounted for by want of opportunity, would ground a legal presumption of reformation beyond all reasonable doubt."

Upon a review of the whole case we think the instruction given was material and did the defendant injury, and was erroneous, and a new trial should be ordered, which is done accordingly.

*Hartwell, Thurston & Stanley* and *A. Rosa,* for prosecution.
*A. S. Humphreys* for defendant.