CARRENS v. STATE.

Opinion delivered November 4, 1905.

1. SEDUCTION—CORROBORATION OF FEMALE.—Under Kirby's Digest, § 2043, providing that "no person shall be convicted of seduction upon the testimony of the female unless the same be corroborated by other evidence," the testimony of the prosecutrix must be corroborated as to the promise of marriage and the sexual intercourse. (Page 18.)

2.　SAME.—A conviction of seduction will be set aside where the only corroboration of the prosecutrix consists of letters which were not identified as defendant's save by the testimony of the prosecutrix. (Page 18.)

3.　SAME—OFFER TO MARRY.—The fact that after a prosecution for seduction was begun the accused offered to marry the female and she refused does not constitute a defense to the prosecution.　(Page 18.)

Appeal from Randolph Circuit Court; JOHN W. MEEKS, Judge; reversed.

*Black & Robinson,* and *John B. McCaleb,* for appellant.

Defendant could not be convicted on the testimony of the prosecutrix alone, and the letters introduced were not sufficient corroboration.　It was error to read them to the jury, in the absence of the witness.　Kirby's Digest, § 3145.

It was error to admit evidence of contradictory statements by a witness, without first having inquired of him concerning them.　Kirby's Digest, § 3139; 37 Ark. 324; 52 Ark. 303; *Ib.* 273; 62 Ark. 286.

An allegation which narrows and limits that which is essential is descriptive, and must be proved.　31 Ark. 49; 16 Ark. 499; 62 Ark. 538; 34 Ark. 160; 58 Ark. 242.

Public morals and policy encourage marriage under the circumstances of this case.　Defendant having in good faith offered before trial to marry the prosecutrix, which she declined, he should have been acquitted.　21 L. R. A. 733; 70 Mich. 240; 4 Pa. L. J. Rep. 551.

*Robert L. Rogers, Attorney General,* for appellee.

The allegation in the indictment that the prosecutrix previous to the seduction was chaste and virtuous was but an averment of a presumption of law which placed no burden upon the State to prove it.　18 Ark. 540; 73 Ark. 139.

An offer to marry after indictment was no defense.　27 Conn. 319.

BATTLE, J.　Seigel Carrens was indicted by a grand jury of Randolph County for seducing Effie Coe, and was convicted. Effie Coe was the only witness examined to prove the charge. In the course of the examination she testified that she received certain letters from the defendant.　The letters were not identified or proved to be the letters of the defendant by any other witness.　They were read as evidence.

Evidence was also adduced tending to prove that, after the indictment and before trial, the defendant offered to marry Effie Coe, and she refused.

The court, in part, instructed the jury as follows:

"You are instructed that the defendant cannot be convicted upon the testimony of Miss Effie Coe alone, but her testimony must be corroborated by other evidence upon each of the first two facts; that is, upon the fact of carnal knowledge and promise of marriage mentioned in the foregoing instruction."

And refused to instruct, at the request of the defendant, as follows:

"You are further instructed that if you believe from a preponderance of the evidence that, before the trial of this case began, the defendant in good faith offered and was ready and willing to marry the prosecuting witness, Effie Coe, and if you further believe that the prosecuting witness refused to marry defendant, then it would be your duty to find the defendant not guilty."

The jury found the defendant guilty.

The statutes of this State provide that "no person shall be convicted of seduction upon the testimony of the female unless the same be corroborated by other evidence." Kirby's Digest, § 2043. It must be corroborated as to the promise of marriage and the sexual intercourse. *Polk v. State,* 40 Ark. 482; *Keaton v. State,* 73 Ark. 265. It cannot be corroborated by itself—her own testimony. The letters of the defendant were no corroboration. They were a part of her evidence, and their probative force was due to her testimony. By her testimony they were made admissible; it being the only evidence that they were letters of the defendant. A conviction upon such evidence would be the offspring of her own testimony, a result forbidden by the statute.

The instruction asked by the defendant was properly refused. The proposal of the defendant to Effie Coe to marry did not exonerate him. The statute of this State provides: "If any man against whom a prosecution has begun * * * for the crime of seduction shall marry the female alleged to have been seduced, such prosecution shall not then be terminated, but shall be suspended; provided, that if at any time thereafter the accused shall willfully and without such cause as now constitutes a legal cause for divorce desert and abandon such female, then and at

such time said prosecution shall be continued and proceed as though no marriage had taken place between such female and the accused." Kirby's Digest, § 2044. Under this statute the marriage does not extinguish the offense. The proposal of marriage cannot, of course, have as great effect. After having deceived, disgraced, and humiliated her, he cannot escape the penalties of the offense by a mere proposal to marry. Marriage, which can only be by her consent, suspends the prosecution. The suspension of the prosecution depends upon her consent to marry. It is therefore obvious that a proposal to marry which has been rejected by her cannot render him guiltless. After the prosecution has begun, he can secure no relief, except as provided by the statute, a dismissal of the prosecution by the State or court or acquittal.

The testimony of Effie Coe being uncorroborated, the judgment of the trial court is reversed, and the cause is remanded for a new trial.