## ROGERS *v.* STATE.

### Opinion delivered November 20, 1911.

SEDUCTION—CORROBORATING EVIDENCE—INSTRUCTION.—Where, in a prosecution for seduction, certain letters and postal cards were identified by the prosecuting witness as having been written by the defendant, but were not otherwise identified, it was error to refuse to instruct the jury that if the only evidence that they were written by defendant was the testimony of the prosecuting witness, they can not be considered as tending to corroborate her testimony.

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

*S. Brundidge,* for appellant.

There is no direct or circumstantial evidence corroborating the prosecuting witness as to the sexual intercourse. 77 Ark. 16; *Id.* 472; 86 Ark. 30.

The only evidence of any closer intimacy between appellant and the prosecuting witness than between her and other young men of the neighborhood was the letters and postal cards introduced in ev dence, and these, being unsigned and not identified by any testimony except her own, were not a corroboration of her testimony, The court's refusal to give appellant's requested instruction No. 9 was reversible error. 77 Ark. 16-18.

*Hal. L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The instructions given by the court fully cover the law of the case, and specifically the necessity for corroboration of the prosecuting witness as to the promise of marriage and the sexual intercourse. As to the promise of marriage, the sufficiency of the corroboration is practically admitted. The corrobation is sufficient if upon the whole case the jury are satisfied of the defendant's guilt beyond a reasonable doubt. 77 Ark. 468; *Id.* 23; 67 Ark. 416. As to the sexual intercourse, there was strong corroboration in the presence and exhibition to the jury of the child resulting from the illicit relations, which was competent evidence for the purpose of proving the putative father. 72 Ark. 409; 84 Ark. 199; 93 Ark. 260; 96 Ark. 552.

HART, J. Nathan Rogers has appealed from the judgment of conviction for the crime of seduction. The prosecuting witness identified a number of letters and postal cards as having been written by the defendant. The letters and postal cards were not identified or proved to be the letters of the defendant by any other witness. They were read in evidence. With reference thereto, the defendant asked the court to instruct the jury as follows:

"9. The jury are instructed that while certain letters and postal cards have been read to you as evidence in this case, yet if you find that the only evidence that these were the letters and postal cards of the defendant is that of the prosecuting witness, Ollie Dugger, and she alone undertakes to identify the same, then said letters and postal cards can not be considered by you as testimony tending to corroborate the prosecuting witness, Ollie Dugger."

The court should have given the instruction. It is well settled that when evidence is admitted for a particular purpose, it is the duty of the court to tell the jury to confine the application of the evidence to such purpose. So in the case before us the letters and postal cards were not identified or proved to be the letters and postal cards of the defendant by any other witness except the prosecuting witness herself. Hence they were a part of her evidence, and their probative force was due to her testimony. *Carrens* v. *State*, 77 Ark. 16.

The instruction, as asked, told the jury that if they should find that the only evidence that the letters and postal cards were written by the defendant was that of the prosecuting witness, and that she alone undertook to identifiy them, the jury could not consider them as testimony tending to corroborate the prosecutrix. Without any instruction from the court explaining that under these circumstances the letters and postal cards of the defendant had no probative force of their own, and could only speak as a part of the evidence of the prosecuting witness herself, their effect upon the jury may have had an illegitimate and undue weight in producing or affecting their verdict. This is conceded by the Attorney General, but he claims that the proposition was fully covered by other instructions given by the court. In the instructions referred to, the jury were told that there must be such cor-

roborating evidence in the case, outside of the prosecuting witness, as tends to connect the witness with the crime charged. And again the court said:

"It (referring to the corroboration required) must be of such a nature and character, independent of the prosecuting witness, as to connect the defendant, or tend in some degree to connect him with the crime.  *  *  *  In determining that question, you will not consider the testimony of the prosecuting witness, together with the other circumstances. You take the circumstances independent of her testimony here, and find it from the legal evidence in the case."

It will be observed, however, that in these instructions the court does not explain that the letters and postal cards, if identified and proved by the prosecutrix alone, could only be considered by the jury as a part of her testimony, and did not explain to the jury that the letters and postal cards had no probative force independent of her testimony. Therefore we are of the opinion that the court erred in refusing to give instruction No. 9 as asked by the defendant. *Thomas* v. *State*, 72 Ark. 582.

We do not deem it necessary to set out the testimony in detail. It is sufficient that it was sufficient to warrant the verdict of the jury.

For the error indicated, the judgment will be reversed, and the cause remanded for a new trial.