BOLLIN *v.* STATE.

Opinion delivered February 5, 1917.

SEDUCTION—REFUSAL OF DEFENDANT TO MARRY THE PROSECUTING WITNESS—SUBSEQUENT OFFERS OF MARRIAGE.—Defendant, under promise of marriage, had sexual intercourse with the prosecuting witness and then refused to fulfill his promise; *held,* he was properly convicted of the crime of seduction, although, at a subsequent time he renewed his proposal to marry the prosecuting witness, and that she then refused to marry him.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*John Mayes,* for appellant.

1. The prosecutrix was either a woman of unchaste character or a female of easy virtue. 40 Ark. 486-7.

2. She broke the engagement. Defendant offered to marry her and she declined. Her parents also objected. 113 Ark. 527; 22 L. R. A. 840.

3. The verdict is not supported by the evidence, and is contrary to law. 113 Ark. 527.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The presumption is that the woman was chaste. It was not necessary for the State to allege or prove chastity. Appellant having alleged her previous unchastity, the burden was on him to prove it. 73 Ark. 139; 77 *Id.* 23; 84 *Id.* 67. The testimony as to chastity was at least conflicting, and the jury believed the prosecutrix. This is conclusive. 95 Ark. 175; 92 *Id.* 120; 50 *Id.* 511; 104 *Id.* 162; 101 *Id.* 51, 330.

2. As to whether the prosecutrix broke the promise of marriage or the appellant, the evidence also conflicts. The question is not as to the weight of the evidence, but whether it is legally sufficient to support

the verdict, and this court will consider it in its aspect most favorable to appellee. 92 Ark. 586; 97 *Id.* 486; 87 *Id.* 109; *Ib.* 438. The prosecutrix testified that it was he, and not she, who broke the promise of marriage, and that, if believed by the jury, was sufficient, without any corroboration. 86 Ark. 30; 77 *Id.* 468.

3. The jury found the woman's testimony that the intercourse was obtained by false promise of marriage. There was evidence to sustain the finding.

4. There is no error in the instructions. 16 S. W. 816; 61 Ark. 88; 77 *Id.* 334; 69 *Id.* 558; 58 *Id.* 353. It is too late to object to instructions here for the first time. 80 Ark. 345; 101 *Id.* 120.

McCulloch, C. J. Defendant, Otto Bollin, appeals from a judgment of conviction in the circuit court of Washington county of the crime of seduction, induced by a false, express promise of marriage. The wronged female is Naomi Castile, who resided near Prairie Grove, in Washington county, at the time the alleged unlawful act of intercourse was committed. The principal contention on the part of the defendant is that the evidence is insufficient to sustain the verdict of conviction, and that it shows that the woman in question was unchaste, and fails to show that the defendant broke the alleged contract of marriage. The acts of sexual intercourse charged are admitted, and there is no dispute at all in the testimony about that. The testimony also establishes beyond dispute the fact that there was a marriage engagement, and warrants the inference that illicit acts of intercourse were induced by defendant's promise of marriage. The only real issues in the trial below were those stated above; namely, whether Naomi Castile was a chaste woman at the time her acts of sexual intercourse with the defendant began, and whether the contract was broken by him or by her.

It is shown by the testimony that the two parties became acquainted with each other in February, 1913, and an engagement to marry was entered into about

June, 1913, the first act of sexual intercourse occurring, according to the undisputed evidence, on August 7, 1913. Shortly after the first act of intercourse occurred, the girl went to Iowa to attend school there and later to Oklahoma and entered a hospital there for the purpose of preparing herself as a nurse. This was done with the consent, and perhaps at the suggestion, of the defendant himself, and there is in the record considerable correspondence between the parties while the girl was in Iowa and in Oklahoma. She returned to Prairie Grove and the illicit relations of the parties were resumed, and were continued from time to time up to a date in July, 1915. The girl became pregnant and gave birth to a child the following May.

The evidence is sufficient to sustain the verdict on each of the issues. Defendant attempted to show that Naomi Castile was unchaste before he had intercourse with her, and he adduced testimony tending to establish his contention on that score, but it can not be said that the testimony is undisputed. He says that she admitted to him that she had had sexual intercourse with two other young men in the neighborhood before his intercourse with her began. She denies that, and there being a conflict, we must treat the issue as settled against the contention of the defendant.

The most serious issue of fact in the case is whether or not the evidence is sufficient to show that the marriage agreement was broken by the defendant, and not by the girl. The written correspondence between them is quite voluminous, much of it having little, if any, bearing upon the question of complying with the marriage agreement. But there is undoubtedly evidence of a very substantial nature in the letters written by the defendant, as well as oral statements to the girl, as testified to by her, to the effect that he refused to marry her. Many of the statements in the letters are sufficient to show evasive postponements of the marriage and groundless excuses, which warranted the inference that they were intended as a breach of the agreement to marry.

It is true that the evidence shows that the girl herself was not always willing for the marriage engagement to be carried out, and that her parents interposed objections to the marriage on the ground of defendant's habits of dissipation. It is perhaps undisputed that there were times when the girl was unwilling to marry the defendant, but this was after the jury could have found, and doubtless did find, that he had broken the promise himself, and she was not bound at all times to hold herself in readiness to accept his once broken promise and to agree again to marry him. After her suffering, the humiliation and disgrace of his broken promise, he can not escape the consequences of his crime by showing that he had at times renewed his promises, and that they were rejected by her. *Carrens v. State,* 77 Ark. 16.

Upon the whole we are convinced that there was enough to warrant the submission of those issues to the jury, and that the verdict is supported by the testimony.

The instructions objected to and assigned as error were in language that has frequently received the approval of this court, and a discussion thereof is unnecessary.

Finding no error in the record, the judgment is affirmed.