Syllabus.

# TERRITORY *v.* JOE JIMENDE CAPITAN.

## No. 1020.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

HON. C. K. QUINN, JUDGE.

ARGUED JUNE 2, 1917.                    DECIDED JUNE 15, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

SEDUCTION—*chastity—pleading and proof.*

In a prosecution for the offense of seduction under R. L. 1915, Sec. 3902, the chastity of the female need not be alleged, nor need it be proved before it has been attacked, if at all. The unchaste character of the prosecutrix may be shown in defense. Where the burden of proof lies when the question of chastity has been made an issue, *quaere.*

SAME—*corroboration.*

The provision of R. L. 1915, Sec. 3903, that no person shall be convicted of seduction upon the uncorroborated testimony of the prosecutrix, requires supporting evidence as to the promise of marriage and the carnal connection, but not as to the previous chastity of the prosecutrix, or that she was unmarried.

SAME—*same—evidence.*

Whether, in a given case, there was any corroboration of the testimony of the prosecutrix is a question of law, but where there was some such evidence its sufficiency would be for the jury to determine. Held, in this case, that there was some circumstantial corroborating evidence, and that its weight and sufficiency was for the jury.

OPINION OF THE COURT BY ROBERTSON, C.J.

The defendant was tried and convicted under an indictment charging him with the offense of seduction. Exceptions to the denial of a motion for a directed verdict of acquittal, to the verdict, and to the denial of a motion for a

new trial have raised a number of questions which are involved in the general question whether there was sufficient evidence in the case to support the conviction. It is contended that there was a failure of substantive proof and a lack of the corroboration required by the statute.

Section 3902 of the Revised Laws provides that "Whoever by conspiracy or by wilful falsehood or deceit, or under promise of marriage, seduces, causes or procures any unmarried female to commit fornication shall be punished," etc. There was competent evidence tending to prove that the prosecutrix and the defendant were unmarried persons; that they were engaged to be married; that at Olaa, county of Hawaii, on the 14th day of November, 1915, the defendant urged upon the prosecutrix that as they were engaged he would like to have sexual intercourse with her, saying that if she did not consent it would show that she did not love him; that she at first objected but upon his earnest promise that he would marry her she yielded to his persuasion; and that the prosecutrix had not previously committed sexual intercourse.

As to proof of chastity. The statutes in some of the States include in the definition of the offense of seduction the element of chastity on the part of the prosecutrix, but the statute of this Territory does not include it. But as the nature of the offense is such that it cannot be committed upon a prostitute or strumpet, the unchaste character of the prosecutrix may always be shown in defense. See *Woodward v. Rep.,* 10 Haw. 416; *Caldwell v. State,* 83 S. W. (Ark.) 928; *Wilson v. State,* 73 Ala. 527, 535. The chastity of the prosecutrix need not be alleged, nor need it be proved before it has been attacked, if at all. There is a conflict of authority as to where the burden of proof lies when the question of chastity has been made an issue, but that point is not involved here. In the case at bar the testimony of the prosecutrix that she had had sexual intercourse with no one

other than the defendant was not contradicted.

As to corroboration. Section 3903 of the Revised Laws provides that "no person shall be convicted of rape, seduction or abduction, upon the mere testimony of such female uncorroborated by other evidence direct or circumstantial." We do not sustain the contention of counsel that corroboration must extend to every point in the case. That there need be no corroboration of the chastity of the prosecutrix follows from what has already been said. And we hold that it does not extend to the fact of the prosecutrix being an unmarried female.

"The weight of authority tends to establish as the rule that it is not necessary that the corroboration should extend to all the elements of the offense. It must extend to the facts that the defendant had sexual intercourse with the prosecutrix and obtained her consent thereto by the use of seductive arts or by a promise of marriage, but it is not necessary that she should be corroborated as to her previous chastity or as to the fact that she was unmarried at the time of the alleged seduction." 25 A. & E. Enc. Law (2d ed.) 244, 245.

Under statutes similar to ours it is held that the supporting evidence need go only to the promise of marriage and the carnal connection. *Armstrong* v. *People,* 70 N. Y. 38; *Carrens* v. *State,* 91 S. W. (Ark.) 30; *People* v. *Clark,* 33 Mich, 112; *Ferguson* v. *State,* 15 So. (Miss.) 66; *Russell* v. *State,* 77 Neb. 519, 527. In the case at bar the fact that the parties were engaged to be married was admitted by the defendant through his counsel at the trial. The fact that the parties were engaged to be married is evidence that the seduction, if accomplished, was under the promise of marriage. The question then is whether there was corroboration of the testimony of the complaining witness that sexual intercourse was committed. The prosecutrix testified that she was seventeen years old; that the defendant came to her home on a Sunday afternoon; that her parents were away at the time; that her younger sister was at home but

upon the defendant's arrival she went out; that she and the defendant sat first on the verandah, then went into the parlor; that upon consenting to yield to the defendant's importunity she closed and locked the kitchen and parlor doors; that after the act had been committed she and the defendant went out again to the front verandah, and afterwards went together to a neighbor's place where a dance was going on; that the defendant had frequently visited her for a month or so during which time they had been engaged; and that in December the defendant went to the island of Kauai. The complainant's sister testified that she was at home when the defendant came to the house; that she went out to play with another girl; that she left the prosecutrix and the defendant alone in the house; and that later, on returning to the house, she found the back door locked, and going around to the front found the two sitting on the verandah. An aunt of the prosecutrix who lived in the same neighborhood testified that the defendant came to her house on the day in question, and in reply to a question as to where he was going he said he was going to his girl's house; that she told him not to go there because the parents were away and the girl was alone; that he then said he would not go there; that about half an hour later she saw the defendant walking in the direction of the prosecutrix' home; and that she afterwards went over there and saw him and the prosecutrix on the verandah of the house. The only other witness to testify in the case was one Frank Murera. He testified that while passing by on the day in question he saw the prosecutrix and the defendant in the front room of the house; that the door was open; and that he saw the prosecutrix' sister and another girl out on the road. The prosecutrix had testified that Frank Murera passed the house before the sexual act took place. The corroboration required by the statute need not be of such force as would prove the facts independently of the female's testimony. 35 Cyc. 1364.

Whether, in a given case, there was any corroboration of the testimony of the prosecutrix is a question of law, but where there was some such evidence its sufficiency would be for the jury to determine. *Hay* v. *State,* 178 Ind. 478; *State* v. *Waterman,* 75 Kan. 253, 257; *State* v. *Lockerby,* 50 Minn. 363; *State* v. *Smith,* 84 Ia. 522, 525. Proof of mere opportunity does not of itself amount to corroboration, but as sexual intercourse is seldom susceptible of direct proof it may be inferred from circumstances, opportunities and the conduct of the parties, and in cases of this character the corroboration will generally be found to depend upon circumstantial evidence. Each case must depend upon its own circumstances, and the views expressed by the courts in the decided cases are helpful only in a general way. In *Armstrong* v. *People, supra,* the court said,

"It is conceded by the authorities that direct evidence in support is not capable of production, and that the requirement of supporting evidence is met, when from testimony of other witnesses such opportunities are shown to have existed, and such relations to have been formed, as to make it probable that the act may have been done. * * * When these circumstances and relations have been shown, the supporting evidence has been furnished. How great its strength, or how close its applicability to the act as spoken to by the principal witness, is for the jury to determine." 70 N. Y. 45.

In *Mills* v. *Com.,* 93 Va. 815, 818, it was said,

"No case has occurred, it is believed, in which it has been necessary accurately to weigh and discriminate the character, quantity or degree of supporting testimony necessary to justify a conviction; nor is it the purpose of this opinion to undertake to indicate the precise amount of corroborating testimony which would in all cases be found sufficient. It is sufficient here to say that it must be evidence which does not emanate from the mouth of the seduced female; that it must not rest wholly upon her credibility, but must be such

evidence as adds to, strengthens, confirms and corroborates her."

In *Curry* v. *State,* 151 S. W. (Tex.) 319, the court said,

"However, we do say that the law is that the testimony of the injured party in cases of this character does not have to be corroborated in each and all of the necessary elements of the offense, and that the corroborative evidence may be slight, and that the requirements of the statute are fulfilled if there be any corroborating evidence which, of itself, tends to connect the accused with the commission of the offence. Such corroboration only is necessary as is sufficient to satisfy a jury, beyond a reasonable doubt, of the truth of the charge, in connection with the testimony of the accomplice."

In *Ferguson* v. *State,* 15 So. (Miss.) 66, 70, the court said,

"The object of the law is to prevent the conviction of one accused on the unsupported testimony of one participating in the commission of the offense. As with the accomplice, so here, corroboration to the extent of fairly tending to connect the accused with the commission of the offense should be held sufficient. The female seduced appears on the witness stand as quasi particeps criminis, and under a cloud. Whatever other evidence will fairly satisfy the jury that she is truthful and worthy of belief must be held sufficiently corroborative; and when she is supported as to the promise of marriage and the act of sexual intercourse,—the two great fundamental essentials,—the corroboration, we think, will be sufficient."

In the case at bar we think it cannot be said that the testimony, other than that of the prosecutrix, shows nothing more than an opportunity to commit sexual intercourse with the girl. It showed that the defendant had been told that her parents were away from home; that he had been asked by the aunt not to go to the house for that reason; that he said he would not go there, but nevertheless he did go; that the two were alone in the house for some time; and that the back door had been locked. There was nothing in the evidence to indicate that a scheme had been concocted

to blackmail the defendant. We hold that there was circumstantial evidence of corroboration, and that its weight and sufficiency as tending to establish the truth of the testimony of the prosecutrix was for the jury. See generally, *State* v. *Holter,* 30 S. D. 353, 369; *Murphy* v. *State,* 143 S. W. (Tex.) 616, 619; *State* v. *Timmens,* 4 Minn. 241, 248; *State v. Whitaker,* 87 S. E. (S. C.) 1001. There were no exceptions to the instructions and we presume the case was fairly submitted to the jury.

The exceptions are overruled.

*W. H. Beers,* County Attorney of Hawaii (*S. S. Rolph,* Deputy County Attorney of Hawaii, with him on the brief), for the Territory.

*J. S. Ferry* (*J. W. Russell* with him on the brief) for defendant.