## TERRITORY *v*. ALFRED FERNANDEZ.

## No. 1072.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.
HON. W. S. EDINGS, JUDGE.

SUBMITTED DECEMBER 10, 1918.          DECIDED JANUARY 18, 1919.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE HEEN IN PLACE OF EDINGS, J., DISQUALIFIED.

SEDUCTION—*promise of marriage—corroboration.*

In a prosecution for the offense of seduction under section 3902 R. L. 1915 the testimony of the female of the promise of marriage, alleged to have been made to her by the defendant prior to the sexual act, must be corroborated by evidence either direct or circumstantial.

SAME—*same—same—presumption.*

> The testimony of the prosecutrix to the effect that just prior to
> the act of sexual intercourse on the 5th day of May, 1917, the de-
> fendant had promised to marry her is not corroborated by other
> evidence that in July, 1917, the defendant declared his intention to
> be married the following Christmas. Presumptions do not run
> backward; they are not retroactive.

OPINION OF THE COURT BY COKE, C. J.

The defendant, Alfred Fernandez, was indicted, tried and convicted of the offense of seduction and now seeks a review by exceptions of the proceedings had in the circuit court.

We deem it necessary to discuss but one of the several exceptions brought here by the defendant. Section 3902 R. L. 1915 provides: "Whoever by conspiracy or by wilful falsehood or deceit, or under promise of marriage, seduces, causes or procures any unmarried female to commit fornication shall be punished," etc. The indictment presents "that Alfred Fernandez—at Paia in the County of Maui, Territory of Hawaii, on to-wit the 5th day of May, 1917, by wilful falsehood and deceit and under promise of marriage did seduce and cause one Mary Abreu, an unmarried female person, to commit fornication, and did then and there and thereby commit seduction."

The evidence in this case was sufficient to prove that both the prosecutrix and the defendant were unmarried persons. The evidence and the admission of the defendant conclusively establish the act of sexual intercourse, as alleged in the indictment, on the 5th day of May, 1917. The prosecutrix testified that prior to the act she was importuned by the defendant under the promise of marriage to have sexual intercourse with him and that she yielded by reason of his promise of marriage. This the defendant denied.

It is now urged by the defendant that his conviction

was contrary to the law and the evidence because the testimony of the prosecutrix respecting the promise of marriage, claimed by her to have been made prior to the sexual act, was uncorroborated. Section 3903 of the Revised Laws provides that "no person shall be convicted of rape, seduction or abduction, upon the mere testimony of such female uncorroborated by other evidence direct or circumstantial." In *Territory* v. *Capitan*, 23 Haw. 771, this court, discussing the various elements of the crime of seduction which under the provisions of the foregoing statute required corroborating evidence, adopted the doctrine that supporting or corroborating evidence is necessary to establish the promise of marriage and the carnal connection. So far as we have been able to ascertain in every instance where a statute such as our own has been interpreted by the courts it has been uniformly held that the promise of marriage made by the defendant prior to the act of sexual intercourse must be corroborated by evidence direct or circumstantial. The only evidence introduced by the prosecution in this case which can in the remotest degree be deemed corroborative of the testimony of the prosecutrix respecting the alleged promise of marriage made to her by the defendant prior to the act of sexual intercourse on May 5, 1917, is the testimony of the father of the prosecutrix, Antone Abreu. This witness testified that in the month of July, 1917, he had a conversation with the defendant in which he asked defendant his intentions toward his daughter (the prosecutrix) and to which the defendant replied, "he was (I am) going to get married this Christmas coming." While this conversation was with respect to the relations between the defendant and the prosecutrix it is to be noted that the defendant did not say that he intended to marry the prosecutrix. But conceding that it was proper to infer from the language used by defendant that his intention then was to marry the prosecuting

witness yet this conversation took place some two months after the commission of the alleged offense and the defendant was only expressing the intentions which he entertained at the time of the conversation. There is nothing to indicate that the defendant did not in fact first resolve to marry the prosecutrix upon the very day of the alleged conversation. It is a presumption of law that when the existence of a thing is once established by proof the law presumes that the thing continues to exist as before until the contrary is shown or until a different presumption arises from the nature of the subject in question. But presumptions do not run backward; they are not retroactive. It cannot legally be presumed that because the defendant in July expressed his intention to marry that he entertained the same intention or made any promises in respect thereto two months prior to that date. The evidence of the defendant's declaration of his intention to get married made in July is devoid of probative value to corroborate the testimony of the prosecutrix of the promise of marriage made to her by defendant on the 5th of May of the same year.

The proof of the promise of marriage being insufficient to support the verdict the exceptions must be sustained and a new trial granted. And it is so ordered.

*E. R. Bevins*, County Attorney of Maui, for the Territory.

*Eugene Murphy* for defendant.