TERRITORY *v.* WILLIE FONG YEE.

No. 1224.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

SUBMITTED JANUARY 20, 1920.          DECIDED JANUARY 30, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

SEDUCTION—*evidence.*

In a case in which the defendant is charged with the crime of seduction it is not error to permit the prosecutrix to testify that she became pregnant as the result of the intercourse with the defendant and that she thereafter gave birth to a child, of which the defendant is the father.

Opinion of the Court.

SAME—*same—leading questions.*

Leading questions are permissible to arrive at facts when ignorance or modesty prevents a full answer to a general interrogatory.

SAME—*same—letters written by defendant.*

When the prosecutrix in a seduction case produces letters which she claims to have received by mail from the defendant and testifies that she is familiar with defendant's handwriting and that said letters are in his handwriting, the letters are admissible in evidence without any further evidence to connect the defendant with the writing.

SAME—*same—same—corroboration.*

Letters identified only by prosecutrix may be considered as corroborative of her testimony on the issues requiring corroboration, since her testimony need be corroborated only as to the sexual intercourse and the promise of marriage.

SAME—*corroboration.*

Whether in a given case there was any corroboration of the testimony of the prosecutrix is a question of law.

SAME—*same—instruction to the jury.*

Under a statute which provides in effect that the court may charge the jury whether there is or is not evidence (indicating the evidence) tending to establish or rebut any specific fact involved in the case it is not error for the court to instruct the jury "that the court has ruled that there is some evidence in corroboration of the testimony of the prosecutrix in this case but the weight and sufficiency of that testimony is for the jury to determine" without indicating to the jury what evidence the court considered corroborative of the prosecutrix' testimony.

OPINION OF THE COURT BY KEMP, J.

The defendant was tried and convicted under an indictment charging him with the offense of seduction. The case is before us upon writ of error sued out by the defendant in which the following errors are assigned:  (1) That the court erred in the misreception of evidence; (2) that the court erred in the rejection of evidence; (3) that the court erred in allowing leading questions continuously; (4) that the court erred in giving instruction No. 5 requested by the prosecution; (5) that the

court erred in allowing in evidence letters purported to have been signed by plaintiff in error; (6) that the court erred in not granting the plaintiff in error's motion for a dismissal of said cause. The second assignment of error has been withdrawn.

Under the first assignment of error the defendant complains of the action of the court in allowing the prosecutrix to testify over his objection that she became pregnant from her intercourse with him on or about the date alleged in the indictment and that she had since given birth to a child of which he was the father. Just prior to the giving of the evidence complained of the prosecutrix had testified that on or about the 28th of April, 1918, the defendant had slept with her and that she had permitted him to sleep with her as the result of his promise to marry her. She was then asked what happened to her after this time she had just spoken about, evidently referring to the fact that she had permitted the defendant to sleep with her, to which she replied, "I was in the family way." Following this she gave evidence to the effect that she had since given birth to a child which was born on February 5, 1919, and that defendant was its father. The defendant insists that the evidence of the birth of the child is immaterial and the only purpose of the testimony showing that a child was born was to prejudice the jury against him. In *Cunningham* v. *The State,* 73 Ala. 51, the defendant being on trial for the crime of seduction, the fact that the prosecutrix had given birth to a child was admitted in evidence and the court instructed the jury that it might consider that fact, if proved in connection with other evidence, in determining whether the defendant had sexual intercourse with the prosecutrix. The giving of this instruction was assigned as error and the court in discussing it used the following language: "The fact that the prosecutrix gave

birth to a child was certainly evidence that she had been cohabited with; and that was a material ingredient in the offense charged. There was no error in telling the jury they might consider this fact, if proved in connection with the other evidence, in determining whether the defendant had had sexual intercourse with her." So in this case the fact that the prosecutrix gave birth to a child is evidence that some one had theretofore had sexual intercourse with her and the further testimony that the defendant was the father of her child is merely another way of saying that he had theretofore had sexual intercourse with her. We find no error in the admission of this testimony.

Under assignment No. 3 the defendant complains that the court abused its discretion in allowing leading questions. The questions complained of will not be set forth in this opinion. It will be sufficient to say that many of the questions set forth as leading are not in fact leading. It may be conceded, however, that a number of the questions complained of were leading. Counsel for the defendant concedes that the allowance of leading questions is generally within the discretion of the court and that there will be no reversal on this ground unless there has been an abuse of discretion. In the case before us the prosecutrix was a half-Chinese who knew nothing of the Chinese language and spoke very poor English. With a witness of this character it is very difficult to conduct an examination in the same manner that an examination would be conducted with a witness who thoroughly understood the language of the court. "In the confusion and embarrassment of witnesses leading questions are often found necessary and especially in the case of those who by reason of tender years or old age, ignorance or some infirmity are unable to state important facts without some aid or suggestion. Leading questions are per-

missible to arrive at facts when modesty prevents a full answer to a general interrogatory." Jones' Commentary on Evidence, Vol. 5, Sec. 818, p. 101. In cases of this character the modesty of the young woman who claims to have been seduced would tend to prevent full answers to general interrogatories and would justify the court in going further in allowing leading questions than would be proper in an ordinary case. We do not feel that the court in this case abused its discretion in allowing such leading questions as were permitted.

Assignment No. 5 complains of the action of the court in allowing to be introduced in evidence certain letters purporting to have been written by the defendant. The prosecutrix produced certain letters which she claimed she had received from the defendant through the mail, together with the envelopes in which she claimed to have received them. The envelopes are addressed to the prosecutrix at Waiakoa, Maui, and are dated April 27, 1918, and June 22, 1918, respectively. The letter of April 27 purports to have been written at Keokea, Kula, Maui; the one of June 22 purports to have been written at Wailuku, Maui. The prosecutrix testified that she was familiar with the handwriting of the defendant and that the two letters in question were in his handwriting. Neither of said letters is signed with the full name of the defendant. The one of April 27, 1918, concludes as follows: "I am Naughty Boy Willie." The one of June 22 concludes: I am Your Loving One Willie." After the prosecutrix had testified that she was familiar with the handwriting of the defendant and that these letters were in his handwriting the letters and envelopes were admitted as evidence. The defendant insists that this did not constitute sufficient foundation for their admission in evidence and cites as authority therefor *Rogers* v. *State*, 101 Ark. 45, 141 S. W. 491, 49 L. R. A. N. S. 1198;

*Carrens* v. *State,* 77 Ark. 16, 91 S. W. 30; *Bishop* v. *State,* 151 S. W. (Tex.) 821, and *James* v. *State,* 161 S. W. (Tex.) 472. The cases cited are not authority for the contention of the defendant that this showing was not sufficient to admit these letters in evidence. They are authority, however, for the further contention of defendant under assignments Nos. 4 and 6 that the letters having been identified alone by the evidence of the prosecutrix they cannot be used to corroborate her testimony upon issues requiring corroboration. We think, however, in view of the holding of this court in *Territory* v. *Capitan,* 23 Haw. 771, to the effect that the prosecutrix' testimony need be corroborated only as to the promise of marriage and the sexual intercourse, the prosecutrix' testimony that the letters were in the handwriting of the defendant needs no corroboration to make them admissible for all purposes. If this were not so we think that the testimony of the prosecutrix in this case has been corroborated on both of the issues requiring corroboration by evidence other than the letters in question. The father of the prosecutrix testified that some time during the school vacation in 1918 the defendant came to his place and asked his permission to marry the prosecutrix; that he told the defendant it would be all right if they both agreed and that the defendant thereupon replied that they had agreed to get married. In the case of *Territory* v. *Fernandez,* 24 Haw. 617, it was held that where the defendant some two months after the alleged seduction, being asked by the father of the prosecutrix what his intentions towards his daughter were, replied, "I am going to get married this Christmas coming," furnished no corroboration of the promise to marry because the language of the defendant in that case only expressed an intention which he entertained at the time of the conversation and that there was nothing to indicate that

defendant had not in fact resolved to marry the prosecutrix on the very day of the alleged conversation. This, however, does not apply to the statement of the defendant in this case, he having told the father of the prosecutrix that he and the prosecutrix were then engaged to be married. This would indicate a promise some time prior to the conversation with the father though no time was mentioned. George Cummings, deputy sheriff of the district of Wailuku, testified that on the 28th day of January, 1919, the defendant told him that in the months of March and April he had had connection with the prosecutrix; that in June he went to the father's house in company with another boy to ask for the hand of the prosecutrix; that the father gave his consent and they were to be married some time in July but that his parents objected to his marrying the girl because she was only part Chinese; that he wanted to marry the girl, but his parents "butted in" so he refused to marry her and that he knew at the time that the prosecutrix was in the family way. Louis K. Fernandez, police officer at Waiakoa, Kula, Maui, testified that in October he had a conversation with the defendant in which defendant said in substance that he was going to marry prosecutrix but that he was afraid he would be drafted so he was holding back and he would wait to receive further notice from the draft board. This witness further stated that when he asked the defendant if he knew the prosecutrix was in the family way he said, "I believe so," and when asked how he knew it he said, "I also have been there. I staid a few nights with her." There can be no question that this testimony sufficiently corroborates the prosecutrix' testimony to the effect that the defendant had had sexual intercourse with her and we believe also sufficiently corroborates her further statement that the defendant had promised to marry her prior to the alleged seduction. As was said

in the case of *Territory* v. *Capitan, supra*, "Sexual inter-course is seldom susceptible of direct proof. It may be inferred from circumstances, opportunities and the conduct of the parties, and in cases of this character the corroboration will generally be found to depend upon circumstantial evidence. Each case must depend upon its own circumstances and the views expressed by the courts in the decided cases are helpful only in a general way." It would be impossible to lay down a general rule as to what will and what will not be considered sufficient corroboration to authorize the submission of the case to the jury. The evidence which we have reviewed as given by the father of the prosecutrix and the two officers, taken in connection with the contents of the two letters in evidence, furnishes sufficient corroboration of the testimony given by the prosecutrix to require the submission of the case to the jury. The letter of April 27 discloses the fact that there had theretofore been some character of courtship of the prosecutrix by the defendant. He addressed her as "My dear Beloved Anna," referred to "a kiss that night" and avowed that "I can not write much because I love you so." The letter of June 22 refers to the fact that the writer had heard of her father saying they (the writer and prosecutrix) are to be married, and continues: "Tell him I don't want to hear no body talked about us you and I are going to get married. Because the old man is a great one to go and talke. Now I hear a little bit about us from one Chinese, Robert Wong's father, telling me that your father told him we were going to get married and you don't eat poi, because you lived on poi. You must tell the old man what I told you. Be sure and tell him not to go out and big mouth any thing about us. Ask him if my parents don't want me to get married with you what is his mind. To let

us two married or not. Because I won't take nobody's word. When I says married that is married."

If there should be any doubt as to the sufficiency of the testimony of prosecutrix' father and the two officers to corroborate the testimony of the prosecutrix as to the promise of marriage we think the letters in question undoubtedly furnish sufficient corroboration to require the submission of the case to the jury. The court therefore committed no error in overruling the defendant's motion for a dismissal of the cause and complained of in defendant's sixth assignment of error.

This leaves only the fourth assignment of error to be considered. At the request of the prosecution the court gave the jury the following instruction: "You are instructed that the court has ruled that there is some evidence in corroboration of the testimony of the prosecutrix in this case but the weight and sufficiency of that testimony is for the jury to determine."

Section 2435 R. L. 1915 is as follows:

"The jury shall in all cases be the exclusive judges of the facts in suits tried before them, and the judge presiding at any jury trial (hereafter in this chapter named the court), shall in no case comment upon the character, quality, strength, weakness or credibility of any evidence submitted, or upon the character, attitude, appearance, motive or reliability of any witness sworn in a cause; provided, however, that nothing herein shall be construed to prohibit the court from charging the jury whether there is or is not evidence (indicating the evidence), tending to establish or to rebut any specific fact involved in the cause, nor shall it be construed to prohibit the setting aside of a verdict rendered by such jury, in a proper case, as being against the weight of evidence, and the granting of a new trial therein."

The defendant insists that if the court should have given such instruction at all it was incumbent upon it to

indicate what evidence constituted the corroboration. It will be seen from the wording of the statute quoted that the court in instructing the jury is permitted to tell it whether there is or is not evidence (indicating the evidence) tending to establish or to rebut any specific fact involved in the cause. As we understand this statute the court would have been permitted to indicate to the jury what evidence constituted sufficient corroboration to submit the case to it but does not make it incumbent upon the court to designate the evidence. We think the court is much less likely to invade the province of the jury, in refraining from mentioning the specific evidence which it regards as sufficient corroboration to authorize the submission of the case to the jury than would be the case if it undertook to point out the evidence. The jury was plainly told that the weight and sufficiency of that testimony was for it to determine.

Upon the conclusion of the case for the Territory the defendant's motion for dismissal compelled the court to pass upon the question of whether or not the testimony of the prosecutrix had been corroborated and to announce its ruling thereon in the presence of the jury. The instruction complained of told the jury no more than the court had already told it in ruling upon the motion to dismiss the cause and constituted no invasion of the province of the jury. In *Territory* v. *Capitan, supra,* it was held that "Whether, in a given case, there was any corroboration of the testimony of the prosecutrix is a question of law, but where there was some such evidence its sufficiency would be for the jury to determine." The instruction complained of is in accord with the law as there announced.

The defendant insists that the instruction complained of is practically the same as the instruction in the case of *Territory* v. *Nishi,* 24 Haw. 677, 683, which was con-

demned by this court. In the *Nishi* case the court at the request of the prosecution instructed the jury as follows: "If you are satisfied in this case beyond a reasonable doubt that the victim of this alleged crime, Shigeko Murata, made prompt and early complaint of the wrong and injury committed by this defendant upon her person and to her character and chastity, such evidence may be received and considered by you as corroborative of the other testimony given by her in this case." In commenting upon this instruction we said: "This instruction should not have been given for various reasons. First, it is objectionable because it assumes as a fact that defendant committed a wrong and injury upon the person of the prosecutrix; second, because no complaint of the alleged assault was made by the prosecuting witness, and finally and independently of the other reasons, even had a complaint been made by the prosecuting witness, the instruction is an incorrect statement of the rules governing the effect and purpose of such a complaint."

From the above quotation it will be seen that the instruction was condemned for reasons entirely inapplicable to the instruction in question and is therefore not authority for the defendant's contention in this case.

Finding no error in the record the assignments of error are overruled and the judgment affirmed.

*E. Murphy* for plaintiff in error.

*E. R. Bevins,* County Attorney of Maui, and *W. F. Crockett,* Deputy County Attorney of Maui, for defendant in error.