# DECEMBER, 1913.

## LYNCH JAMES v. THE STATE.

### No. 2717.   Decided December 3, 1913.

**1.—Seduction—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause remanded on other grounds, the overruling of the motion for continuance need not be considered.

**2.—Same—Accomplice—Charge of Court.**

In cases of seduction, the female alleged to have been seduced, although permitted to testify, is an accomplice, and where the court's charge on corroboration of an accomplice's testimony was not in accord with the settled rules of this court, the same was reversible error. Following Campbell v. State, 57 Texas Crim. Rep., 301, and other cases.

**3.—Same—Evidence—Letters—Corroboration.**

Upon trial of seduction, there was no error in admitting in evidence certain letters purporting to have been signed by appellant. However, there was no corroboration of the prosecutrix with reference to this testimony, and where the court's charge assumed that what prosecutrix testified to about these letters was true, the same was reversible error; especially, where the defendant submitted a proper charge which was refused.

**4.—Same—Prosecutrix—Accomplice—Corroboration.**

Where certain letters were admitted in evidence purporting to have been signed by the defendant according to the testimony of prosecutrix, the court should have pointedly instructed the jury that the prosecutrix can not be corroborated by her own statements in regard to these letters, and corroborating testimony must come from matters and things outside of her statements. Following Bishop v. State, 68 Texas Crim. Rep., 559, and other cases.

**5.—Same—Charge of Court—Corroboration.**

Where, upon trial of seduction, the evidence failed to show any corroboration of prosecutrix's testimony as to a promise of marriage, etc., and the defendant requested a charge upon this issue, which was refused, the same was reversible error.

Appeal from the District Court of Wood. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of seduction; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*C. O. James* and *Jones & Jones,* for appellant.—On question of charge on corroboration of accomplice as to letters, etc.: Smith v. State, 124 S. W. Rep., 919, and cases cited in opinion.

On question of court's charge in defining the offense: Murphy v. State, 143 S. W. Rep., 616, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of seduction, his punishment being assessed at eight years confinement in the penitentiary.

The application for continuance will not be discussed in view of the reversal of the judgment. The evidence may be obtained upon another trial.

The court charged the jury: "The law provides that in prosecutions for seduction, under the provisions of the Penal Code, the female alleged to have been seduced shall be permitted to testify, but no conviction shall be had upon the testimony of the said female, unless the same is corroborated by other evidence tending to connect the defendant with the offense charged. You are, however, instructed that the corroborative evidence need not be direct and positive, independent of the prosecutrix, Cora Tucker, but such facts and circumstances as tend to support her testimony, and which satisfy the jury that she is worthy of credit as to the facts essential to constitute the offense of seduction, as defined and explained in this charge, will fulfill the requirements of the law as to corroboration, and it is for you to say from all the facts and circumstances in evidence before you whether she has been sufficiently corroborated." It is urged that this charge is on the weight of the evidence, and assumes that the testimony of the prosecutrix is true; it does not first require the jury to believe the testimony of the prosecutrix true, and that she be corroborated by other evidence tending to connect the defendant with the commission of the offense; and the court nowhere in its main charge makes such requirement of the jury. That this charge also instructs the jury to consider the corroborative evidence in satisfying their minds as to whether the prosecutrix is worthy of credit; it instructs the jury that they might apply the corroborative evidence to her and not to the defendant, whereas the law requires that the corroborative evidence should relate to the guilt of defendant and not to her testimony to show whether she is worthy of credit, and that it is further erroneous in that it leaves the jury free to consider the question of corroboration in connection with the testimony of prosecutrix, as though her testimony could be considered in deciding upon necessary corroboration. This charge is erroneous. The court should have charged the jury that they must find the testimony of the prosecutrix true, and in addition they must find there was evidence independent of her testimony tending to connect the defendant with the commission of the offense, if committed. The criterion, as we understand our law of corroboration, is that there must be some fact independent of her testimony which tends to connect the defendant with the offense committed. This charge is not in accord with the well settled rule of jurisprudence of this State. See Campbell v. State, 57 Texas Crim. Rep., 301; Lem-.

mons v. State, 58 Texas Crim. Rep., 269; Garlas v. State, 48 Texas Crim. Rep., 449. This is a sufficient number of cases to cite on this proposition.

Complaint is made that the court erred in admitting certain letters purporting to have been signed by appellant. We are of opinion under the attendant circumstances that these letters were admissible for what they were worth, but they did not afford any corroboration of the prosecutrix as shown by this record. There is no evidence, outside of hers, to show these letters ever came from the defendant. Carrens v. State, 91 S. W. Rep., 30; Smith v. State, 58 Texas Crim. Rep., 106, 124 S. W. Rep., 919; Bishop v. State, 68 Texas Crim. Rep., 559, 151 S. W. Rep., 821. In this connection, the court charged the jury: "If you shall find that Cora Tucker testified that she received from the defendant certain letters, which have been introduced in evidence, and that the defendant wrote them; but if you shall further find that there are no other facts and circumstances in evidence which shows that defendant did write the letters, except the testimony of Cora Tucker, then you are charged that the letters would not be sufficient within themselves and alone to corroborate, if they do corroborate her testimony, and unless you find there are other facts and circumstances in evidence outside of her testimony and the letters, which tend to connect the defendant with the commission of the offense charged, you will acquit. Or if you shall find that there are facts and circumstances in evidence, which show that the defendant wrote the letters introduced in evidence, and if you find such letters do corroborate Cora Tucker's testimony, you may consider them for that purpose. If, under the foregoing instructions, you shall not consider the letters as corroborative evidence, yet if you find, beyond a reasonable doubt, that the defendant, by promise to marry, did seduce and have carnal knowledge of Cora Tucker, as charged, and that the testimony of Cora Tucker has been corroborated by other evidence, outside of the letters, which tends to connect the defendant with the commission of the offense, you will convict."

Various objections are urged to these charges. To the first clause of the charge it is urged, it is on the weight of the evidence; permitted the jury to judge for themselves whether they would consider the letters as corroborative, and because the court told the jury that said letters would not be sufficient "within themselves and alone to corroborate if they do corroborate her testimony," when in truth and in fact if they had not been corroborated by some other witness than that of prosecutrix, they could not be considered at all as corroborative of the testimony of prosecutrix, because an accomplice can not corroborate herself. It is contended, under this paragraph of the charge the jury was, in effect, told that though the letters were not identified by other evidence than that of Cora Tucker, yet they might link in the letters with other evidence in the case, so to speak, in determining the sufficiency of the corroboration. This paragraph assumes what prosecutrix testified about the letters was true. We are of opinion these criticisms are correct.

To the second clause of the charge it is urged that the court assumes that Cora Tucker testified truthfully; is upon the weight of the evidence; it instructs the jury that they might consider certain facts testified by Cora Tucker against the defendant; that the court in said paragraph nowhere tells the jury that they could not consider the letters as corroborative evidence but left the jury to determine for themselves whether they regarded the letters as corroborative or not, thereby giving the jury the power to determine the competency of the evidence.

As to the third clause of the above quoted charge, it is urged that it is confusing, contradictory, uncertain and on the weight of the evidence, and assumes the prosecutrix testified truthfully, etc., and that the court was in error in not informing the jury that they could not consider the letters at all as corroborating the testimony of the prosecutrix, inasmuch as there was nothing in the record to corroborate her statement in regard to the letters.

Appellant asked, in this connection, the following instruction: "The law requires that the prosecutrix, Miss Cora Tucker, must be corroborated by other testimony than her own and by such testimony as tends to connect the defendant with the commission of the offense with which he is charged, and unless you find from the testimony other than that of said Cora Tucker that the defendant wrote her the letters introduced in evidence, then in such event the letters within themselves and alone would not furnish the corroboration which the law requires in order to warrant a conviction of the defendant." This was refused, and improperly so. The court should have pointedly told the jury that these letters could not be used as corroborative evidence of the testimony of the prosecutrix, unless there was other evidence independent of hers tending to show that defendant wrote these letters. This record does not show corroboration of the prosecutrix, as we understand the record on this question. The charges given by the court were erroneous and that requested by appellant was correct.

We have taken up these charges and thrown them together in a general way so as to inform the trial court that upon another trial the jury must be pointedly instructed that prosecutrix can not be corroborated by her own statements in regard to these letters, and that in order to show these letters in any way corroborative of her testimony, it must come from matters and things outside of her own statement. Curry v. State, 68 Texas Crim. Rep., 263, 151 S. W. Rep., 319; Bishop v. State, 68 Texas Crim. Rep., 559, 151 S. W. Rep., 821; Smith v. State, 58 Texas Crim. Rep., 106, 124 S. W. Rep., 919; Carrens v. State, 91 S. W. Rep., 30.

Appellant asked special instructions, in substance, that unless there is evidence outside of and independent of prosecutrix's tending to connect the defendant with the alleged seduction or act of intercourse, as testified by her, on 18th of May, 1912, the jury should acquit. This was a pointed presentation of the matter, and, in our judgment, this charge should have been given. It is not the purpose of this opinion to go over the testimony in detail. The State's case, in brief, was that

made by prosecutrix, to the effect that on the 18th of May he asked to hug and kiss her, which she permitted, and in a few moments he requested final favors, which were granted. She says it was under the promise of marriage. At intervals of from one week to three or four weeks after that until September or October he went with her, amounting to about a half dozen times. We have examined the record with some degree of interest and care, and fail to find any corroboration as to a promise of marriage from any source. This is not as strong a case, in our judgment, as the Bishop case, cited, supra.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*