### Talmadge Adams v. The State.

#### No. 5624.   Decided March 3, 1920.

**1.—Seduction—Evidence—Hearsay—Corroboration—Impeachment.**

Where, upon trial of seduction, the record showed that on cross examination of prosecutrix she was asked if she ever told anyone of defendant's promise to marry her prior to the time indictment was filed, to which she replied that she so told a certain party, whereupon the State introduced said party who testified that the prosecutrix did so tell her; this testimony was inadmissible, as the prosecutrix could not corroborate herself by statements she made to third parties, nor could the same be introduced for impeachment purposes. Following: Snodgrass v. State, 31 S. W. Rep., 366, and other cases.

**2.—Same—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause remanded upon other grounds, the application for continuance need not be considered.

3.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.

Where, upon trial of seduction, the argument of State's counsel was not supported by the record and harmful to the defendant, and a portion of the argument was objectionable because it was an indirect allusion to defendant's failure to testify, the same was reversible error, and it was not necessary to request a special charge to withdraw it.

4.—Same—Argument of Counsel—Appealing to Prejudice.

Where part of the State's counsel's argument urged a conviction because the father and brother of prosecutrix might kill the defendant if he was acquitted, etc., the same was highly improper.

Appeal from the District Court of Rusk. Tried below before the Hon. Chas. L. Brachfield, judge.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Robt T. Jones, J. Y. Gray* and *Black & Smedley,* for appellant. —On question of corroboration: Barnard v. State, 76 S. W. Rep., 475; and cases stated in the opinion.

On question of insufficiency of corroboration: Bishop v. State, 68 Texas Crim. Rep., 559, 151 S. W. Rep., 821; James v. State, 72 Texas Crim. Rep., 155, 161 S. W. Rep., 472, and cases cited in the opinion. .

On question of argument of counsel: Beach v. State, 210 S. W. Rep., 540; Dunn v. State, 212 S. W. Rep., 511, and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of improper argument of counsel: Taylor v. State, 76 Texas Crim. Rep., 642, 177 S. W. Rep., 82; Sue v. State, 52 Texas Crim. Rep., 122; Pearson v. State, 79 id., 609; Miller v. State, 79 id., 9.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of seduction and allotted two years in the penitentiary.

The prosecutrix, Florence Parr, testified that she and appellant became engaged in July, 1916; that he began going with her during that month and shortly afterward they were engaged, and at his request she had intercourse with him. This condition continued until March 1917, when, to use her expression, they had a ''bust up.'' He did not go about her any more for several months. That after the renewed relation he continued to have intercourse with her until September, 1917. She became pregnant. She testified that appellant was the father of her child. There is no positive evidence or corroboration as to the act of intercourse or the promise of marriage. There is evidence that he visited her from July, 1916, until March, 1917. There is evidence also that he went with

her a few times in July and August, 1917. The father of the girl testified that appellant came to his house to see his daughter, and with the exception of appellant but one other young man visited his daughter. The mother of prosecutrix was at the trial but was not placed upon the witness stand. There is testimony of various witnesses that other young men accompanied the prosecutrix on divers and sundry occasions; dates, facts and circumstances are all mentioned. There is evidence that she had intercourse with other young men, and there is also evidence that her reputation for chastity was bad. These facts came from quite a number of witnesses. As we recall the record there is no evidence sustaining her good reputation for chastity. A great many facts and circumstances are mentioned of her indiscreet conduct with other young men as was seen by witnesses who testify. The details and numerous facts are not necessary to be stated, we think, in view of the disposition that is made of the case. The testimony, however, is of a very unsatisfactory nature so far as the girl is concerned, and her testimony and the want of corroboration.

A bill of exceptions recites that on cross-examination of the prosecutrix she was asked if she ever told anyone of appellant's promise to marry her prior to the time the indictment was filed. She replied that she told the witness Mrs. Annie May Parr of such engagement. Mrs. Parr was the only witness that prosecutrix testified to having mentioned her engagement with appellant. She did not inform her mother or father of such relation. Mrs. Parr was called to testify and did testify that the prosecutrix told her sometime perhaps in the spring of 1917 that she and appellant were engaged to be married. Objection was urged to the testimony of Mrs. Parr for several reasons. We are of opinion these exceptions should have been sustained. Prosecutrix could not corroborate herself by statements to third parties. Evidence of a third party repeating the statement of prosecutrix would not corroborate her. It would be but a hearsay statement by her. The corroboration must come from facts and circumstances independent of her testimony and which tend to corroborate her testimony as to the promise of marriage or sexual intercourse, or both. Nor could this evidence be used to sustain her credit as a witness viewed from that standpoint. She had not been impeached. The State had elicited from her the fact that she had told Mrs. Parr of the engagement with appellant. Mrs. Parr testified for the State in its original examination of witnesses. No attempt had been made to impeach the witness or to show that she had not made this statement, and in fact no such attempt was made during the trial. If she had not in fact made the statement to Mrs. Parr, appellant, if he saw proper, could have called Mrs. Parr to testify to the fact that prosecutrix had not so informed her, but this was not done, and the State called the witness to sustain the prosecutrix in making out the State's case.

From either view point we are of opinion that this testimony was inadmissible. Snodgrass v. State, 31 S. W. Rep., 366; Barnard v. State, 48 Texas Crim. Rep., 111; Fine v. State, 45 Texas Crim. Rep., 290. That this evidence was not corroborating evidence see cases already cited, and Bishop v. State, 68 Texas Crim. Rep., 559; James v. State, 72 Texas Crim. Rep., 155, and cases cited in that opinion; Carrens v. State, 91 S. W. Rep., 30; Smith v. State, 58 Texas Crim. Rep., 106, 124 S. W. Rep., 919, but specially on the inadmissibility of this testimony, see Snodgrass v. State, *supra.*

There was an application for continuance which is not discussed in view of the fact the judgment is reversed. The absent witness Hicks may be obtained upon another trial, and if not that question will be presented from a different standpoint.

Exception was reserved to the remarks of private prosecuting counsel. Among other things, this was said: "They say there is no corroborating evidence in this case to sustain the evidence of Miss Florence Parr. But, gentlemen, I say there is, for you saw the child in the arms of its mother on the witness stand, and I leave it to you if that child does not look just like the defendant, and you tell me that is not corroborating evidence that Talmadge Adams is the man who stole the virtue of this poor girl on the promise of marriage. This poor girl says that is Talmadge Adams' child, and I ask you what person on this earth has denied it?" There is another bill of exceptions to the argument of private counsel. He made this statement, in substance: "But they say we have not corroborated the statement of Miss Florence Parr. But, gentlemen, she says when she found out that she was pregnant she wrote to the defendant, who was the author of her ruin under a promise of marriage, calling upon him for help. And what did he do? This man, who had stolen her virtue under a promise of marriage, I will tell you what he did. Instead of coming back to marry her as he promised her that he would, he sent her a lot of medicine, to produce an abortion. This poor girl swears that he did this, and nobody has denied it."

Treating these bills together, it may be stated that the child was not introduced in evidence, and under the authorities could not have been. The girl, it is true, testified that appellant was the father of her child, but without the child being introduced in evidence, the remarks made by counsel were not proper, as they were based upon a statement to the effect that the child was before the jury. In regard to the other bill of exceptions, there is no evidence of the correspondence to which the girl testified except her own. This did not tend to corroborate under the authorities. If she had produced the letter signed by him, the contents of which were as she testified, this would not be evidence of corroboration unless there was other testimony showing that appellant did in fact write the letter. As to both of the statements of private counsel,

it may be stated the evidence could not be used for the purpose of corroboration. The argument was erroneous. As to both bills, the expression used that the girl swore to those matters and nobody has denied it, is an indirect reference, if not almost a direct reference, to the failure of defendant to testify. She placed both matters in such position that nobody but she and defendant knew it if they were facts. There was no attempt to corroborate her on either proposition, nor was there any attempt to show any evidence of corroboration or that any existed. She excluded knowledge by others of these matters and confined it only to herself and the appellant. An indirect allusion such as in this case is as fatal as a direct allusion. There are a great many cases that might be cited, but it would seem to be a work of supererogation at this late day to collate them. The court disposes of this matter by stating that appellant did not request a special charge. This is not necessary where reference is made to the failure of the accused to testify, and this by all the authorities. Branch Crim. Law, Sec. 849 for citation of cases.

There is another bill with reference to the argument of State's counsel. In discussing the case to the jury he urged as a reason for conviction the fact that the father and brother of prosecutrix had not killed the defendant, and if the jury should acquit they would be justified in taking the life of the accused. This character of argument ought not to be indulged. It is appealing to the prejudices of the jury, and the ideas of the citizenship in regard to such matters in a way that is not warranted.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*