### E. L. MILLER v. THE STATE.

No. 5872. Decided November 3, 1920.

**1.—Embezzlement—Clerk—Cashier—Statutes Construed—Variance.**

Where defendant was indicted as clerk of an incorporated company,
and as such embezzled and misapplied money, and the evidence showed that
he was not a clerk but cashier of such company, the variance was fatal, and
the conviction could not be sustained under the statute.

**2.—Same—Companion Case—Practice on Appeal.**

Where, the other questions raised were passed upon in a companion
case, they need not again be discussed.

**3.—Same—Evidence—Deposit Slip—Declarations of Defendant.**

Where, the State put in evidence statements by defendant to the effect
that he had a deposit slip showing a deposit in the bank of $20,000, and the
witnesses testifying thereto stated that defendant claimed to have received
this money as a result of an investment in a copper mine, the same was an
exculpatory statement, and a charge of the court over the objections of the

defendant that did not inform the jury that it devolved upon the State to rebut this testimony, was reversible error. Following Coombs v. State, 52 Texas Crim. Rep., 617, and other cases.

4.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of embezzlement the issue of circumstantial evidence was raised, a failure to charge thereon, as requested, was reversible error.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of embezzlement of an incorporated company; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Chambers, Watson & Wilson,* for appellant.—On question of embezzlement from corporation: Johnson v. State, 21 Texas, 775; Clark v. State, 8 Texas Crim. App., 311; Pruitt v. State, 202 S. W. Rep., 81; Winkler v. State, 58 Texas Crim. Rep., 564, and cases stated in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited cases in opinion.

DAVIDSON, Presiding Judge.—Appellant was indicted as clerk of an incorporated company, to-wit: Brown Cracker and Candy Company, and that as such clerk he embezzled and misapplied money coming into his possession.

The evidence shows he was not a clerk but was cashier, and as cashier gave a bond to said company. This did not constitute him a clerk, and the evidence shows he was not but that he was cashier, and the testimony also shows he was bookkeeper for said company. The statute prescribes a punishment for embezzlement as applied to this case against any "officer, agent, clerk, attorney at law, or in fact." The indictment simply alleges that he was clerk. It does not undertake to cover any other phase of this portion of the statute, and for the embezzlement of the money as clerk he was tried before a jury. We hold there is a variance between the allegation in the indictment and the proof to sustain it. In order to obtain a conviction the evidence must show that appellant was clerk. This it not only failed to do but positively shows he was cashier and bookkeeper. See Miller v. State, 87 Texas Crim. Rep., 69, No. 5849, this day decided. The other questions discussed in the opinion in the companion case are conclusive of the questions there discussed as raised in this record favorable to appellant.

There is one other question which will be here noticed. The State put in evidence statements of appellant to the effect that he had a deposit slip showing a deposit of twenty thousand dollars. The wit-

nesses testifying to this state that they saw the slip and had a conversation with him in regard to it, and that he claimed to have gotten this money as a result of an investment in a copper mine; that he had placed money in the copper mine as an investment and this was the amount of the returns from a sale of that investment. The State introduced these statements as inculpatory evidence. That portion of the statement showing that he had invested his money and had obtained these returns upon it independent of the Brown Cracker and Candy Company, and that the money did not belong to them, was exculpatory of any connection with the incorporated company in whose employ he was. When the court came to charge the jury exception was reserved because the charge did not inform the jury that it devolved upon the State to rebut this testimony. and that it could not be used against appellant as inculpatory evidence. The State having introduced it, we are of opinion that the contention of appellant was correct under a long line of cases. Pharr v. State, 7 Texas Crim. App., 472; Coombs v. State, 52 Texas Crim. Rep., 617; Pratt v. State, 53 Texas Crim. Rep., 281, 109 S. W. Rep., 138; Bryan v. State, 54 Texas Crim. Rep., 62, 111 S. W. Rep., 1035: Banks v. State, 56 Texas Crim. Rep., 262; Winkler v. State, 58 Texas Crim. Rep., 564; Sanchez v. State, 67 Texas Crim. Rep., 453, 149 S. W. Rep., 124: Menefee v. State, 67 Texas Crim. Rep., 201, 149 S. W. Rep., 141; DeLeon v. State, 68 Texas Crim. Rep., 625, 155 S. W. Rep., 248.

It will be noticed in this case as in the companion case this day decided the court failed to charge the law of circumstantial evidence. It was error on the part of the court not to so charge the jury.

Without going further into the questions suggested for revision the judgment will be reversed and the cause remanded.

*Reversed and remanded.*