### HILBERT PARNELL v. THE STATE.

#### No. 6536.  Decided November 15, 1922.

#### Seduction—Promise of Marriage—Corroboration.

Where, upon trial of seduction, a certain letter of defendant was introduced in evidence by the State, on the question of promise of marriage, and said letter is susceptible of too many interpretations and too indefinite to meet the requirements of the statute forbidding the conviction upon the testimony of the prosecutrix alone, a conviction cannot be sustained. Following Bishop v. State, 68 Texas Crim. Rep., 599, and other cases.

Appeal from the District Court of Haskell.  Tried below before the Hon. W. R. Chapman.

Appeal from a conviction of seduction; penalty, imprisonment in the penitentiary for seven years.

The opinion states the case.

*Smith & Grissom, McConnell, Ratliff & Ratliff,* for appellant.—On a question of want of corroboration of prosecutrix as to the promise of marriage: Gainer v. State, 232 S. W. Rep., 830; Adams v. State. 219, id., 460; Slaughter v. State, 218 id., 767; Games v. State, 161 id., 472; Slaughter v. State, 174 id., 580.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is seduction; punishment fixed at confinement in the penitentiary for a period of seven years.

Appellant was indicted in November, 1920, and the date of the offense was laid on the 21st day of September, 1919.  The prosecutrix, at the time of the trial in May, 1921, was twenty-one years of age. Her association with the appellant began about the middle of August, 1919.  His visits occurred two or three times a week.  They became engaged in the 31st day of August, 1919,  The first act of intercourse took place on the 21st of September, 1919.  These matters were learned from the testimony of the prosecutrix.

According to her testimony, she received a letter on the 29th of March, which, though unsigned, was in appellant's handwriting.  She

said that she had received other letters but had destroyed them. She got the letter in question from her mail-box. The date of the wedding had been postponed until the first of April, 1920. The letter and envelope which were introduced in evidence bore the address: "Ora May Doss, Rule, Texas." On the envelope is also noted: "Please drop en route."

The mail-carrier testified that on various occasions the appellant had handed him letters from Miss Doss and would note on the envelope to "drop en route;" that he did so on many occasions but was unable to identify the letter or the envelope in question.

The mother of the prosecutrix testified that the letter was in the handwriting of the appellant. She corroborated the prosecutrix touching the visits of the appellant to her daughter after their association began in August, 1919.

It was shown that appellant, on referring to his having had intercourse with the prosecutrix, remarked that "he was not the only one who had done so." The reputation of the prosecutrix for chastity was shown to have been good.

The evidence, aside from that of the prosecutrix, we deem sufficient to corroborate her testimony touching the sexual relations. In our judgment, however, proof of promise of marriage, under the record before us, was upon the testimony of the prosecutrix alone. This is obviously correct unless the evidence touching the letter to which we have adverted furnishes corroboration of that essential fact. According to her testimony, the engagement took place in August. The wedding day was set for November, That date passed without consummation of the nuptials, and the fourth of April was named as the wedding day. She lived at home with her parents. She was of marriageable age. The appellant's association with her were known to her parents. He continued to visit her until about the last of March. It was but two months subsequent thereto that she gave birth to a child. Neither the mother nor the father had received any information concerning the engagement. No preparation for the marriage had been made; no reason is given for its secrecy. No cause for objection to the appellant as a suitor is advanced.

The expression in the letter relied upon is as follows:

"Well, Doss, I guess this is as good a time for you and I to quit as any. We can go on just as friends always but to think further would be impossible for you and I to try. Wherever I will be I shall always be your friend and you must not look to me any other way. Now, don't you say you are going to do so and so, just say that you will overcome it, and you can see plain."

In the absence of something additional to support the averment of promise of marriage, the letter is susceptible of too many interpretations; is too indefinite to meet the requirements of the statute for-

bidding the conviction upon the testimony of the prosecutrix alone. Code of Criminal Procedure, Article 789. See Bishop v. State, 68 Texas Crim. Rep., 599; Wisdom v. State, 45 Texas Crim. Rep., 215; James v. State, 72 Texas Crim. Rep., 155; Adams v. State, 219 S. W. Rep., 460; McCoy v. State, 91 Texas Crim. Rep., 655 241 S. W. Rep., 167.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*