PARNELL v. STATE. (No. 6536.)

(Court of Criminal Appeals of Texas. Nov. 15, 1922.)

1. Seduction ☞46—Evidence held sufficient to corroborate prosecutrix as to sexual relations.

In a prosecution for seduction, evidence aside from that of the prosecutrix *held* sufficient, under Code Cr. Proc. 1911, art. 789, to corroborate her testimony touching the sexual relations.

2. Seduction ☞46—Evidence held insufficient to corroborate prosecutrix as to promise of marriage.

In a prosecution for seduction, a letter, alleged to have been written by accused, together with other circumstances, *held* insufficient to corroborate prosecutrix as to promise of marriage, so as to comply with requirements of Code Cr. Proc. 1911, art. 789.

Appeal from District Court, Haskell County; W. R. Chapman, Judge.

Hilbert Parnell was convicted of seduction, and appeals. Reversed and remanded.

Smith & Grissom and McConnell, Ratliff & Ratliff, all of Haskell, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The offense is seduction; punishment fixed at confinement in the penitentiary for a period of seven years.

Appellant was indicted in November, 1920, and the date of the offense was laid on the 21st day of September, 1919. The prosecutrix, at the time of the trial in May, 1921, was 21 years of age. Her association with the appellant began about the middle of August, 1919. His visits occurred two or three times a week. They became engaged on the 31st day of August, 1919. The first act of intercourse took place on the 21st of September, 1919. These matters were learned from the testimony of the prosecutrix.

[1] According to her testimony, she received a letter on the 29th of March, which, though unsigned, was in appellant's handwriting. She said that she had received other letters, but had destroyed them. She got the letter in question from her mail box. The date of the wedding had been postponed until the 1st of April, 1920. The letter and envelope which were introduced in evidence bore the address: "Ora May Doss, Rule, Texas." On the envelope is also noted: "Please drop en route."

The mail-carrier testified that on various occasions the appellant had handed him letters for Miss Doss, and would note on the envelope to "drop en route"; that he did so on many occasions, but was unable to identify the letter or the envelope in question.

The mother of the prosecutrix testified that the letter was in the handwriting of the appellant. She corroborated the prosecutrix touching the visits of the appellant to her daughter after their association began in August, 1919.

It was shown that appellant, on referring to his having had intercourse with the prosecutrix, remarked that "he was not the only one who had done so." The reputation of the prosecutrix for chastity was shown to have been good.

[2] The evidence, aside from that of the prosecutrix, we deem sufficient to corroborate her testimony touching the sexual relations. In our judgment, however, proof of promise of marriage, under the record before us, was upon the testimony of the prosecutrix alone. This is obviously correct, unless the evidence touching the letter to which we have adverted furnishes corroboration of that essential fact. According to her testimony, the engagement took place in August. The wedding day was set for November. That date passed without the consummation of the nuptials, and the 4th of April was named as the wedding day. She lived at home with her parents. She was of marriageable age. The appellant's association with her was known to her parents. He continued to visit her until about the last of March. It was but two months subsequent thereto that she gave birth to a child. Neither the mother nor the father had received any information concerning the engagement. No preparation had been made for the marriage; no reason is given for its secrecy. No cause for objection to the appellant as a suitor is advanced.

The expression in the letter relied upon is as follows:

"Well, Doss, I guess this is as good a time for you and I to quit as any. We can go on just as friends always but to think further would be impossible for you and I to try. Wherever I will be I shall always be your friend and you must not look to me any other way. Now, don't you say you are going to do so and so, just say that you will overcome it, and you can see plain."

In the absence of something additional to support the averment of promise of marriage, the letter is susceptible of too many interpretations; is too indefinite to meet the requirements of the statute forbidding the conviction upon the testimony of the prosecutrix alone. Code of Crim. Proc. article 789. See Bishop v. State, 68 Tex. Cr. R. 559, 151 S. W. 821; Wisdom v. State, 45 Tex. Cr. R. 215, 75 S. W. 22; James v. State, 72 Tex. Cr. R. 155, 161 S. W. 472; Adams v. State, 87 Tex. Cr. R. 67, 219 S. W. 460; McCoy v. State (Tex. Cr. App.) 241 S. W. 167.

The judgment is reversed, and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes