H. C. CHAMBERLAIN AND T. C. MOORE V. THE STATE.

No. 17825. Delivered February 12, 1936.

The opinion states the case.

*John B. McNamara,* of Waco, for appellant Moore.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellants were convicted of the offense of a conspiracy to commit theft of property over the value of fifty ($50.00) dollars, and their punishment was assessed at confinement in the State penitentiary for a term of three years.

The record discloses that in the early part of December,

1934, H. C. Chamberlain, one of the appellants in this case, approached Mr. Dan Heslop ostensibly for the purpose of interesting him in making counterfeit money. A day or two later Heslop by appointment met the appellants in their room at the Plaza Hotel, where they explained to him and also demonstrated to him that by the use of chemicals and paraphernalia, which they possessed, they could take new currency, lawful money of the United States of America, and make duplicates thereof which could not be distinguished from genuine treasury bills. After appellants had demonstrated their process of making duplicates to the satisfaction of Heslop they told him that if he would get one thousand ($1,000.00) dollars in new bills of the denomination of twenty ($20.00) dollars, they would make duplicates thereof, and after deducting fifty ($50.00) dollars for expense of materials they would divide the new money equally with him and return unto him his original bills aggregating one thousand ($1000.00) dollars. Before Heslop procured the new bills as he had been requested to do, he informed the chief of police of the city of Harlingen of said contemplated scheme, who in turn notified a secret service man thereof. After Heslop had procured the desired bills but before he took the same to the appellants' room in the Plaza Hotel the chief of police, accompanied by the secret service man, went to the room occupied by appellants, arrested them, and took charge of the purported chemicals and paraphernalia. After an investigation of same the secret service man advised the chief of police that the United States government could not prosecute them for the offense of an attempt to make counterfeit money because they were not prepared to make any. Appellants were later indicted by the grand jury of Cameron county for the substantive crime of conspiracy to steal from Heslop one thousand ($1,000.00) dollars in money. From said conviction this appeal is prosecuted.

The main question presented here is whether the testimony shows that appellants entered into an agreement to steal said money. We think not for the reason that the State proved that appellants agreed with Heslop that after they had made duplicates of the original bills to be furnished by him they would return unto him said original bills and divide the duplicates after deducting fifty ($50.00) dollars for expense of materials used. The testimony by which the State sought to prove the charge rests entirely upon circumstances which to our mind do not meet the requirements of the law in that same do not exclude every reasonable hypothesis except the guilt of appel-

lants. We quote from Branch's Ann. P. C., Sec. 1877, as follows: "To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission." See Wells v. State, 67 S. W. (2d) 305, and authorities there cited.

The testimony introduced by the State shows that during the negotiations appellants stated to Heslop that his original money was to be returned to him, which if true excludes the idea that appellants intended to appropriate it. This is as much a part of the State's testimony as any other act or statement of appellants. That they so stated seems not to be disputed or shown to be false. Unless appellants conspired to steal the one thousand ($1,000.00) dollars from Heslop they would not be guilty of the offense charged: See Banks v. State, 56 Texas Crim. Rep., 262; Pratt v. State, 53 Texas Crim. Rep., 281; Miller v. State, 88 Texas Crim. Rep., 77.

Being of the opinion that the testimony is not sufficient to warrant and sustain this conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.