Michael Francis ROBILLARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 63564.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 20, 1982.

Rehearing Denied Dec. 8, 1982.

Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Stanley Keeton, Michael R. Gillett and Robert E. Whaley, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and ODOM and W.C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape under V.T.C.A., Penal Code Sec. 21.03. Punishment was assessed by the jury at 99 years.

Appellant urges in his sixth ground of error that the prosecutor's final argument during the guilt/innocence stage of the trial deprived him of a fair trial. That portion of the prosecutor's argument states:

"MR. WHALEY: He said I can't believe Mr. Tessmer [defense counsel] would do this, he said, look at him, he is being honest with you or we wouldn't have put all this in. Now, again, I told you that a prosecutor that works for Mr. Henry Wade [District Attorney] is not going to put evidence before the jury that he himself does not believe is true.

"MR. TESSMER: Your Honor, I object to that as being highly improper and he is stating the belief of a prosecutor, his personal belief, and I object to it at this time.

"MR. WHALEY: Judge, I'm explaining the very reason that Mr. Gillett [other prosecutor] cut that out of that statement.

"MR. TESSMER: I will object to it at this time Your Honor.

"THE COURT: Overruled.

"MR. TESSMER: Note our exception.

"THE COURT: Surely.

"MR. TESSMER: My objection specifically goes to him stating what Mr. Gillett believed to be true or not to be true, Your Honor."

■ Each attorney has a right to explain certain evidentiary problems, issues and circumstances in a case. In the present case the prosecutor attempted to explain why the State sought to introduce only a portion of appellant's written statement. In so doing the prosecutor chose to attach a personal belief to a portion of the evidence before the jury. The effect of such a statement bolstered the credibility of the portion of appellant's written statement introduced by the State. Such a statement by the prosecution taken in context is an improper expression of personal opinion and constitutes reversible error. *Puckett v. State,* 168 Tex.Cr.R. 615, 330 S.W.2d 465; *Clayton v. State,* 502 S.W.2d 755 (Tex.Cr.App.); *Menefee v. State,* 614 S.W.2d 167 (Tex.Cr.App.).

■ The State argues counsel's objection was not timely because a similar argument had previously been made without objection. Although the earlier argument borders on the impermissible, it is not a clear assertion of personal belief. Appellant should not be faulted for giving the prosecutor the benefit of the doubt. The appellant's ground of error was properly preserved for review.

■ The State also argues that the record indicates that the prosecutor's argument was invited by the comments of the appellant. *Clayton v. State,* supra. To-wit: "... If we hadn't put the things that are exed out here, which Mr. Gillett did, you would have never seen the whole statement.... I'm certain the State will want them there, you will have the statement that was given to the police, the two statements, *the one they wanted you to hear and*

*the real statement made.* You have the right to them ..." (Emphasis added.) We do not construe the above as an invitation for a personal belief by the prosecution. The prosecution may respond by explanation of the statements by the defense but they may not by statements of personal beliefs unless manifestly invited. The statement of the personal beliefs, of the prosecutor were improper and prejudicial. *Puckett v. State,* supra; *Clayton v. State,* supra; *Menefee v. State,* supra.

The judgment is reversed and the cause remanded.