Tommy L. DORSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–00457–CR.

Court of Appeals of Texas, Dallas.

Jan. 24, 1985.

Bruce Anton, Dallas, for appellant.

Dennis E. Guffey, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and DEVANY, JJ.

AKIN, Justice.

Appellant was convicted by a jury of the offense of burglary of a habitation. Punishment was assessed at 25 years confinement. We affirm.

■ In his sole ground of error, appellant contends that the court erred in allowing the prosecution, at the punishment phase, to argue facts outside the record. Specifically, he objects to the following argument:

MR. ISENBERG: Okay. Now, that's the kind of person he is.

And what kind of person is the victim? You know, it's an insult for the defense counsel to get up here and say, well, put him on probation and give her money. I mean, that's just the most ridiculous thing that I've ever heard. She didn't want money. She doesn't want anything from him other than—

MR. THOMPSON: Judge, that's outside the record. She hasn't testified as to what she wants on punishment.

THE COURT: No, overruled. Its argument.

MR. ISENBURG: She doesn't want anything but for him to be put away to where he can't do it to some other neighbor that he might have, whoever bought that house from them.

Appellant argues that this statement was outside the record because no evidence existed that the complainant wanted appellant confined for burglarizing her house. In response, the State first argues that appellant's objection was not timely in that no objection was made following the prosecutor's remark. We do not agree. A reading of the argument in its entirety establishes that appellant was obviously objecting to the prosecutor telling the jury what type of punishment the complainant allegedly desired for appellant. The objection was made just as the prosecutor was about to describe the punishment purportedly desired by the complainant. The objection was overruled and the prosecutor then completed his remark. We conclude that appellant's objection was timely made.

 The State alternatively argues that the prosecutor's statement was proper. We agree. A jury argument is proper if it is a summation of the evidence, a reasonable deduction from the evidence, an answer to an argument of opposing counsel, or a plea for law enforcement. *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim. App.1981); *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App.1973). We conclude that the prosecutor's argument was a reasonable deduction from the evidence. Counsel is given wide latitude without limitation in drawing inferences from the evidence as long as those inferences are fair, legitimate, and offered in good faith. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim. App.1983). A prosecutor's statements to the effect that it is an indignity on the complainant to be forced to testify have been held to be reasonable deductions from the evidence. *Moore v. State*, 658 S.W.2d 312 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). Similarly, we conclude that where, as in the instant case, the complainant testified as to appellant's guilt it is a reasonable deduction from the evidence that the complainant desired appellant's incarceration.

■ Additionally, we note that a prosecutor's argument may call the attention of the jury to something not reflected in the record which is of such common occurrence that its recognition requires no expertise. *Jordan v. State*, 646 S.W.2d 946 (Tex.Crim. App.1983). In this respect, it is common knowledge that a complainant would want to see the offender incarcerated. We recognize that a jury argument referring to the expectations or demands of the community for a particular result constitutes reversible error and can not be cured by an instruction to disregard. *Bothwell v. State*, 500 S.W.2d 128 (Tex.Crim.App.1973). Because jurors view themselves as, and indeed are, representatives of the community, such an argument puts undue pressure on the jurors to accede to the prosecutor's requests and thus is considered particularly harmful. The argument in our case, however, does not pose the same danger in that jurors do not act as representatives of a complainant. Accordingly, we hold that the prosecutor's argument was harmless and that the trial court did not err in overruling appellant's objection thereto.

The judgment is affirmed.