Tommy L. **DORSEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 234–85.

Court of Criminal Appeals of Texas, En Banc.

May 7, 1986.

208

208

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty. and William Randell Johnson, Dennis Guffey and John Heasley, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

---

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted in a jury trial of the offense of burglary of a habitation in Dallas County. See V.T.C.A., Penal Code Sec. 30.02(a)(1).[1] The jury assessed punishment at 25 years in the Texas Department of Corrections. The Dallas Court of Appeals affirmed. *Dorsey v. State*, 685 S.W.2d 763 (Tex.App.—Dallas 1985). We affirm.

---

**1.** The indictment charges burglary of a habitation, wherein the underlying felony attempted was sexual assault. Thus, the State was not required to prove that the sexual assault was aggravated, in order to elevate the crime to a first degree felony, nor that an actual rape occurred, but only that appellant entered a habitation without effective consent, with the *intent* to commit *any* felony, which is, in and of itself, a first degree felony. See V.T.C.A., Penal Code Sec. 30.02(a)(1), (c), and (d)(1), Sec. 22.011(f), and Sec. 22.021(c).

In the early morning hours of December 5, 1983, M.L.T., the complaining witness, was awakened by a man jumping on her bed. She was raped at knife point. After her attacker left, she called police and her husband, who was at work. M.L.T. did not get a good look at her assailant, but later that day, after returning from the hospital, she was able to determine that appellant was her assailant. Appellant's wife, Carolyn, who sometimes watched M.L.T.'s children, had offered to loan M.L.T. a stand for a Christmas tree. Carolyn invited M.L.T. into her home while she searched for a stand. While in appellant's house, M.L.T. noticed a pair of tennis shoes, covered with the same type of mud that was found on her bed, and recognized a certain smokey, sweaty, body odor she remembered from the previous night. Appellant then became the suspect in this cause.

M.L.T. could not identify appellant by sight at his trial, but affirmatively stated he was the person who raped her. She based her conclusion on a comparison of his voice at the time of the rape to a restatement by appellant of the same words at trial. Appellant did not challenge the sufficiency of the evidence at the Court of Appeals or this Court.

We granted review to determine whether the Court of Appeals correctly disposed of appellant's single ground of error. Appellant alleges that the prosecutor, in final argument at the punishment phase of appellant's trial, made allegations which were unsupported by the evidence. The complained of argument reads as follows:

"MR. ISENBERG [Prosecuting attorney]: Okay. Now, that's the kind of person he is.

And what kind of person is the victim? You know, it's an insult for the defense counsel to get up here and say, well, put him on probation and give her money. I mean, that's just the most ridiculous thing that I've ever heard. She didn't want money. She doesn't want anything from him other than—

"MR. THOMPSON [Defense attorney]: Judge, that's outside the record. She

hasn't testified as to what she wants on punishment.

"THE COURT: No, overruled. Its argument.

"MR. ISENBURG: She doesn't want anything but for him to be put away to where he can't do it to some other neighbor that he might have, whoever bought that house from them."

There was no further objection by appellant.

The Court of Appeals held that since the complainant testified as to appellant's guilt, the prosecutor's argument was a reasonable deduction from the evidence and permissible, citing *Hightower v. State*, 629 S.W.2d 920 (Tex.Cr.App.1981), and *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App. 1973), 685 S.W.2d at 765.

◼ *Hightower*, supra, and *Alejandro*, supra, hold that arguments must be within four areas. They are: (1) summation of the evidence . . .; (2) reasonable deduction from the evidence . . .; (3) answer to argument of opposing counsel . . .; and (4) plea for law enforcement . . . .

The Court of Appeals also based its holding on *Jordan v. State*, 646 S.W.2d 946 (Tex.Cr.App.1983), which held that a prosecutor's argument may call the jury's attention to something not reflected in the record which is of such common occurrance that its recognition requires no expertise. The Court of Appeals then concluded that it is common knowledge that a complainant would want to see an offender incarcerated.

In addition, the Court of Appeals determined that the argument in the present case was distinguishable from the line of cases which hold that a prosecutor's request to the jury to represent the demands of the community is impermissible. This is because in the present case the jurors were not acting as representatives of the complainant [as opposed to acting as representatives of the community]. See *Bothwell v. State*, 500 S.W.2d 128 (Tex.Cr.App.1973). *Wilson v. State*, 581 S.W.2d 661 (Tex.Cr. App.1979) (on motion for rehearing).

Although we believe the Court of Appeals reached the correct result in overruling appellant's sole contention, we find the foregoing reasoning to be incorrect.

■ Attitudes of a victim in regard to their assailant's punishment are entirely too subjective and personal to be speculated on with any degree of accuracy by the prosecutor. If a prosecutor wants to argue that a victim desires his or her assailant incarcerated, then these facts need to be in evidence. For the same reason, we do not believe it is of such "common knowledge" that a jury could infer that every victim wants the defendant to do time when the victim never actually testified to that effect. The jury may in fact impose incarceration based on their own interpretation of a victim's testimony, but to allow the prosecutor to state these conclusions, in effect places unsworn, and possibly untrue, testimony before the jury. While an inference such as the one before us may be a deduction from the evidence, we do not believe that it is a *reasonable* one.

■ We further find that the distinction of the Court of Appeals between "community demands" and "victims demands" to be unpersuasive. Jurors may not be representatives of the complainant, as opposed to representatives of the community; nevertheless, there is still pressure to accede to the demands and wishes of the prosecutor.

■ We do find, however, as pointed out by the State, that the alleged improper argument was admissible before the jury for another reason. This is because the prosecutor's statements were in response to a preceeding argument of appellant.

Appellant's attorney, during argument in the punishment phase, listed the conditions that could be imposed, if the jury should decide to grant probation. See Art. 42.12, Sec. 6, V.A.C.C.P. During this portion of his argument, appellant's attorney made a remark to the effect that the only way M.L.T. would get any kind of restitution was by allowing appellant to be placed on probation. Art. 42.12, Sec. 6(a)(14), supra.

We believe that the statement subsequently made by the prosecutor that M.L.T. did not desire any restitution, but wanted appellant to be put away, to be a proper response in this case. See *Alejandro*, supra; *Hightower*, supra.

For the reasons stated herein, the judgment of the Court of Appeals is affirmed.

CLINTON, MILLER and CAMPBELL, JJ., concur in the result

TEAGUE, Judge, dissenting.

A jury found Tommy L. Dorsey, hereinafter referred to as the appellant, guilty of committing the offense of burglary of a habitation with the intent to commit sexual assault and also assessed his punishment at twenty-five years' confinement in the Department of Corrections.

The Dallas Court of Appeals overruled the appellant's sole ground of error, to-wit: "The trial court erred in overruling the defense objection to an argument which was outside of the record," and affirmed the trial court's judgment of conviction. *Dorsey v. State*, 685 S.W.2d 763 (Tex.App.–Dallas 1985).

This Court granted the appellant's petition for discretionary review in order to make the determination whether the court of appeals correctly overruled the appellant's ground of error. Finding that the court of appeals incorrectly overruled the appellant's ground of error, I vote to reverse its judgment of affirmance.

The complained of argument, which occurred at the punishment stage of the trial, follows:

MR. ISENBERG (THE PROSECUTING ATTORNEY): And what kind of person is the victim? You know, it's an insult for the defense counsel to get up here and say, well, put him on probation and give her money. I mean, that's just the most ridiculous thing that I've ever heard. She didn't want money. She doesn't want anything from him other than—

MR. THOMPSON (THE DEFENSE ATTORNEY): Judge, that's outside the record. She hasn't testified as to what she wants on punishment.

THE COURT: No, overruled. Its argument.

MR. ISENBURG: She doesn't want anything but for him to be put away to where he can't do it to some other neighbor that he might have, whoever bought that house from them.

The majority opinion concludes that the above argument of the prosecuting attorney was improper but then goes on to hold that the prosecuting attorney's argument, "that M.L.T. did not desire any restitution, but wanted appellant to be put away," was a proper response to the appellant's counsel's argument "that the only way M.L.T. would get any kind of restitution was by allowing appellant to be placed on probation."

The majority opinion, however, does not state, nor could it, that the appellant's counsel's argument was improper, which it was not. Appellant's counsel's argument was not outside the record.

The record clearly reflects that counsel for the appellant, during his argument, in his plea to the jury to recommend that the appellant be granted probation, in referring to the condition of probation that concerns restitution, stated the following: "[The complainant] has suffered pecuniary financial losses because of this case, and she's not going to get that money with him [the appellant] sitting in Sterrett [referring to the Lew Sterrett Criminal Justice Center which is the name of the Dallas County Jail]. The only way she's going to get any kind of restitution is by probation, and that's in your hands." By no stretch of any rational person's imagination can it be said that the above argument invited the following response, "She doesn't want anything but for him to be put away to where he can't do it to some other neighbor that he might have, whoever bought that house from them."

Even if it can be argued that counsel invited response to his statement, such did not give the prosecuting attorney a license to stray beyond the scope of the invitation. *Kincaid v. State,* 534 S.W.2d 340 (Tex.Cr. App.1976). In this instance, the invitation did not give the prosecuting attorney permission to make a personal appeal to the expectations or demands of the complainant or of the members of the neighborhood community, which has been long condemned by this Court. The prosecuting attorney's argument actually represents nothing less than an attempt to put new garb on an old emperor. *Cortez v. State,* 683 S.W.2d 419, 420–421 (Tex.Cr.App.1984). Also see *Adams v. State,* 219 S.W. 460 (Tex.Cr.App.1920); *Robillard v. State,* 641 S.W.2d 910 (Tex.Cr.App.1982); *Reynolds v. State,* 505 S.W.2d 265 (Tex.Cr.App.1974); *Clayton v. State,* 502 S.W.2d 755 (Tex.Cr. App.1973); *Fowler v. State,* 500 S.W.2d 643 (Tex.Cr.App.1973); *Baldwin v. State,* 499 S.W.2d 7 (Tex.Cr.App.1973); *Hickerson v. State,* 162 Tex.Cr.R. 446, 286 S.W.2d 437 (1956); *Alford v. State,* 158 Tex.Cr.R. 632, 258 S.W.2d 817 (1953); *Spinks v. State,* 157 Tex.Cr.R. 612, 252 S.W.2d 159 (1952); *Clark v. State,* 156 Tex.Cr.R. 526, 244 S.W.2d 218 (1951). Cf. Chapter 37, Book of Genesis, concerning "Joseph's Coat." (King James Version of the Bible.)

I also find that when the prosecuting attorney argued to the jury "She doesn't want anything but for him to be put away to where he can't do it to some other neighbor that he might have, whoever bought that house from them" this amounted to an indirect plea to the expectations or demands of the neighborhood community for a particular result, which is highly improper argument that cannot even be cured by an instruction to the jury to disregard. See *Cortez v. State,* supra, in which this Court thoroughly discussed the fact that an appeal through argument to the expectations or demands of the community is highly improper. The terms "community" and "neighborhood community", although not synonymous, have many of the same characteristics. The term "community" simply means the area itself. "Neighborhood community", on the other hand, means that

it is that part of the area in which a number of persons forming a large loosely cohesive community live close or fairly close together. Cf. *Ables v. State*, 519 S.W.2d 464, 467 (Tex.Cr.App.1975); *Arocha v. State*, 495 S.W.2d 957 (Tex.Cr.App.1973). In implicitly referring to the expectations or demands of the community, it matters not that the prosecuting attorney did not expressly use the term "community" or the term "neighborhood community."

In holding that the prosecuting attorney's argument was a proper response to the appellant's counsel's argument, the majority opinion, either intentionally or inadvertently, overlooks what a majority of this Court, speaking through Judge Miller, recently stated in *Walker v. State*, 664 S.W.2d 338, 340–341 (Tex.Cr.App.1984);

> When defense counsel's argument is not outside the record, however, the State may not in reply go outside the record and argue facts not in evidence.

The prosecuting attorney in this instance clearly violated this rule, which, however, is being implicitly overruled by the majority opinion.

I respectfully dissent for the reasons stated.