IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-129-CR





AUBREY DON PARKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,851, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





 After finding appellant guilty of the offense of murder, Tex. Penal Code Ann. 
§ 19.02 (West l989), the jury assessed punishment, enhanced by a prior felony conviction, at
imprisonment for sixty years. Appellant asserts two points of error, contending that: (1) the trial
court erred in overruling appellant's motion for mistrial after the prosecutor interjected her
personal opinion of the credibility of the sole eyewitness to the shooting; and (2) the trial court
erred in overruling appellant's motion for mistrial based on the prosecutor's comment on
appellant's failure to testify. We overrule appellant's points of error and affirm the judgment of
the trial court.

 While the sufficiency of the evidence is not challenged, a brief review of the
evidence is deemed necessary as a background for our analysis of appellant's points of error. It
is undisputed that Michael Tessmer died as the result of a gunshot wound inflicted by appellant
on August 27, 1991. Bell County Deputy Sheriff Leonard Harrison identified appellant as the
first person he saw on arrival at the scene of the shooting. Harrison testified that in response to
his question concerning what happened, appellant pointed to the man on the ground and said, "He
tried to hit me. I told him to leave. We argued and I shot him." Appellant told Bell County
Criminal Investigator A. J. Walsh that the victim was upset about their going to work and "cussed
him." Walsh testified that appellant told him that after the victim failed to heed his request to
leave, appellant went inside his house and got a shotgun. After appellant asked him to leave a
second time, the victim threw a punch that appellant ducked, and "I shot him one time." Walsh
described appellant's demeanor as "calm, quiet and cooperative. He didn't demonstrate anything
unusual, be it grief or fear or anything physical." Walsh related that appellant never mentioned
anything about the shooting being accidental.

 Appellant's defense that the gun discharged as the result of an accident is based on
the testimony of Ralph Raymond. Raymond lived in a trailer house on appellant's property. 
Raymond's testimony reflected that he did chores for appellant in lieu of paying rent. Shortly
after the deceased arrived at appellant's residence, Raymond testified that he heard appellant tell
the deceased, "I'm telling you for the last time to get off -- to get the off my property." 
Raymond related that he saw the deceased shove appellant, "it was the force of the shove that
caused the gun to come up" and "discharge."

 In his first point of error, appellant asserts the trial court erred in overruling his
motion for mistrial after the prosecutor argued that he didn't call Raymond to testify because "I
don't think he is worthy of belief." In Robillard v. State, 641 S.W.2d 910, 911 (Tex. Crim. App.
1982), cited by appellant, the State argued "that a prosecutor that works for Mr. Henry Wade
[District Attorney] is not going to put evidence before the jury that he himself does not believe
is true." The court found that the argument was not invited and that the "statement of the personal
beliefs of the prosecutor were improper and prejudicial." Id. at 912.

 In the instant cause, defense counsel told the jury that the State would ask why
appellant did not tell the officers that it was an accident. Defense counsel reasoned that it was not
abnormal for appellant to be in shock following the shooting and argued that the reason the State
did not call Raymond, the only eyewitness, was because "it" would have shown what really
happened.

 The prosecutor responded by noting that Raymond and appellant were good friends,
that Raymond lived on appellant's property without paying rent, and that Raymond admitted that,
at appellant's request, he had lied to the deceased about appellant not being at home. Immediately
prior to the complained-of statement, the prosecutor argued that it was "inherently unbelievable"
that Raymond could have seen "this whole thing happen where he saw it." The prosecutor
reviewed evidence that tended to undermine Raymond's credibility before concluding that he was
not worthy of belief. In determining whether an argument is so prejudicial as to require reversal,
the complained-of statement may be considered in the context of the entire argument. Livingston
v. State, 531 S.W.2d 821, 823 (Tex. Crim. App. 1976). Assuming, arguendo, that the
prosecutor's argument went beyond that invited by defense counsel, we conclude that the
prosecutor's statement was not so prejudicial as to require reversal. See Satterwhite v. State, No.
70,951 (Tex. Crim. App. March 10, 1993).

 Moreover, unlike Robillard, the court instructed the jury to disregard the
prosecutor's statement. Harm caused by an improper remark can generally be cured by "an
appropriate instruction to disregard, unless the remark is so inflammatory its prejudicial effect
cannot be effectively removed." Caldwell v. State, 818 S.W.2d 790, 801 (Tex. Crim. App.
1991). Assuming that the prosecutor's argument was improper, we hold that the comment was
not so objectionable that it could not be cured by an instruction to the jury to disregard. 
Appellant's first point of error is overruled.

 In his second point of error, appellant contends the court erred in overruling his
motion for a mistrial after the prosecutor argued, "What is missing from the entire case that the
defense has presented and from all the State's evidence because it doesn't exist? Remorse. Where
is remorse?" Following appellant's objection, the prosecutor stated, "Your honor, I am limiting
it to the day of the accident, and I will rephrase my comment."

 The failure of a defendant to testify shall not be taken as a circumstance against
him, nor shall the same be alluded to or commented on by counsel in the cause. Tex. Code Crim.
Proc. Ann. art. 38.08 (West 1979). The standard to be used in determining whether a
prosecutorial comment violates Article 38.08 is set forth in Dickinson v. State, 685 S.W.2d 320,
323 (Tex. Crim. App. 1984):



It is now well settled in this State that for the argument or comment of the
prosecuting attorney to offend against Art. 38.08, supra, the language used must
be looked to from the standpoint of the jury, and the implication that the language
used had reference to the accused's failure to testify must be a necessary one. It
is not sufficient that the language used might be construed as an implied or indirect
allusion thereto. The test employed is whether the language used was manifestly
intended or was of such character that the jury would naturally and necessarily take
it to be a comment on the accused's failure to testify. Of course, in applying this
test, the facts and circumstances of each case must be analyzed to determine
whether the language used was of such character.



(Citations omitted.)

 In Caldwell, 818 S.W.2d at 800, the prosecutor argued that the jury had an
opportunity to "listen to the evidence, look at the demeanor of the witnesses on the stand. . . .
And you have had chance [sic] to look at everybody. See any remorse in this courtroom other
than comes from the ." The court stated that while the jury could have taken the comment
as an impermissible reference to the defendant's nontestimonial demeanor, it also noted that there
was copious testimony relative to defendant's calm demeanor and lack of remorse following the
murders. The court concluded that "the statement would not necessarily and naturally be
understood by the jury to refer to [a]ppellant's failure to testify." Id. at 801. The court further
stated that under the facts of the case, any error was cured by the court's instruction to disregard. 
Id.

 We find the prosecutor's comment in Caldwell to be a more direct allusion to the
defendant's failure to testify than the argument in this cause. In Caldwell, the prosecutor invited
the jury to observe the lack of remorse in the courtroom. In the instant cause, the prosecutor
argued that what was missing from the evidence was remorse. There was ample evidence from
which the jury could reasonably infer that appellant showed no remorse following the shooting. 
The prosecutor immediately stated that he was limiting the complained-of statement to the day in
question. We conclude that the prosecutor's statement did not necessarily refer to appellant's
failure to testify. Moreover, we conclude any error was cured by the court's instruction to the
jury to disregard the comment concerning remorse. Appellant's second point of error is
overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Powers, Kidd and Davis*]

Affirmed

Filed: April 28, 1993

[Do Not Publish]























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).